# CHARLESTON.

STATE v. W. H. GRIFFITH.

Submitted April 27, 1921.    Decided May 3, 1921.

1. CONVICTS—*Venue of Prosecutions Against Convicts Stated.*

Section 1, chapter 165, Code, when read in conjunction with section 14, Article 3, of the Constitution, requires criminal proceedings against convicts in the penitentiary to be prosecuted in the circuit court of Marshall County only when they relate to offenses committed by convicts actually or constructively imprisoned. (p. 584).

2. SAME—*Escaped Prisoner Not Constructively "in Penitentiary" When at Large.*

A prisoner who escapes from the state prison while serving sentence is not constructively within the penitentiary during the time he is at large. (p. 584).

3. SAME—*May be Indicted for Offense in the County Where Committed.*

An escaped convict who, while at large, commits a felony, may properly be indicted and tried for such offense in the county where it was committed. (p. 586).

4. SAME—*Life Imprisonment No Bar to Conviction and Sentence for Subsequent Offense Committed During Escape.*

The fact that a convict is undergoing sentence of imprisonment for life in a state prison is no bar to his trial, conviction and sentence for a subsequent offense, committed during his escape and absence from the prison, which carries with it the possibility of a more serious punishment. (p. 587).

Certified Question from Circuit Court, Mason County.

W. H. Griffith was charged with murder. A plea to the jurisdiction was overruled, and question certified.

*Affirmed.*

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *Robt. L. Hogg,* Prosecuting Attorney, for the State.

*J. Howard Holt,* for defendant.

LYNCH, JUDGE:

The questions certified by the circuit court of Mason County for review relate to a· ruling on a plea denying the right of that court to exercise jurisdiction to consider and upon the verdict of a jury to determine the guilt or innocence of W. H. (Holly) Griffith for the murder of Ira Roush in that county Jan. 14, 1921, for which a grand jury duly convened ·and organized presented him for trial. Briefly stated and fairly condensed, the question is whether a person who has once been convicted of murder in the first degree and sentenced to imprisonment during life in the state penitentiary, but escapes, and before he is rearrested and returned to the prison commits another murder, as charged in the indictment, in a county other than Marshall, the seat of the place of confinement under the first sentence, can again be indicted, tried, convicted and sentenced therefor in the county where the offense was committed. If guilty of the second offense charged, and it was committed in Mason County, the venue was laid properly in the indictment and the circuit court of that county has jurisdiction of the indictment and may impanel a jury to try the accused, unless, as he contends, he cannot under the circumstances detailed be retried, and, if found guilty of the second offense, resentenced until the expiration of the first sentence, logically meaning until after his death; or unless, as he further contends, he is indicted, tried and convicted in Marshall County.

As provided by section 14, Art. 3, of the Constitution of this State, "trials of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the al-

leged offense was committed, unless, upon petition of the accused, and for good cause shown, it is removed to some other county.'' Notwithstanding these provisions, apparently intended for the benefit and protection of persons accused of violations of the laws of this state, Griffith invokes the provisions of chapter 165 of the Code, more particularly its first five sections, and especially the first, saying, under the caption ''Venue:'' ''All criminal proceedings against convicts in the penitentiary shall be in the circuit court of the county of Marshall.'' This provision does not follow the language of section 14, Art. 3, and manifestly the purpose of the enactment was not to disregard or set at naught its express terms. Chapter 165 does not pretend to say that trials of crimes and misdemeanors charged against convicts, wherever committed, shall be in Marshall County, but that all criminal proceedings against convicts ''in the penitentiary'' shall be in that county. It is to be construed and interpreted in the light of the purpose it was intended to serve. It is directed against convicts actually or constructively imprisoned. If they violate the laws of the state in Marshall County, they necessarily must be tried in that county. They cannot lawfully be tried elsewhere. Of this fact the Legislature presumptively was aware. They did not intend to pass a law that necessarily would conflict with the constitutional requirement as to the trials of crimes. Chapters immediately preceding 165 manifest the object had in view by the Legislature at the time. Construed in connection with the constitutional requirement, there is not apparent a purpose to disregard its plain and imperative provision. To suppose they so designed is contrary to every legal presumption in favor of laws so enacted. Chapter 164 relates solely to crimes committed by convicts actually within the penitentiary and provides the punishment therefor, and section 1 of Chapter 165, which immediately follows, clearly has reference to those offenses or others similar to them when it fixes the venue of prosecutions therefor in Marshall County.

As Griffith departed from the place of confinement without the permission or knowledge of the prison authorities, he was not constructively under legal restraint or duress during

his absence.  For had the sentence been for a term of years instead of for life, the time intervening between his departure and his rearrest and return to the penitentiary would to that extent have increased the duration of the penalization. *Cleek* v. *Commonwealth,* 21 Gratt. 777.  Cleek was sentenced to confinement in the county jail during ten months, but escaped before the expiration of the ten-month period, and was retaken, returned to jail, and required to serve the full time fixed by the jury, without credit for the time he was a fugitive from justice.  ''A prisoner who escapes after conviction, but before his term is served, may, on his recapture, be compelled to serve out his term of imprisonment without regard to the time he has been at large.  In such case he cannot be credited with the time during which he has been at liberty on the term of imprisonment for which he was sentenced.''  16 Corpus Juris 1374.  Clearly, therefore, defendant was not in any sense, when at large, undergoing the punishment necessitated by the judgment pronounced against him, nor was he constructively within the penitentiary during that time.

What has been said regarding the venue of the trial of the indictment finds some support in *State* v. *Graham,* 68 W. Va. 248, 224 U. S. 616, 40 L. R. A. (N. S.) 924, which relates to proceedings under sections 1 to 5, inclusive, of chapter 165, of the Code.  Graham was convicted and sentenced to confinement in the penitentiary for two years, in the circuit court of Pocahontas County, and in Mineral County in 1901 for ten years for a subsequent offense, but was paroled while serving the last sentence, and later while permissibly at large he was indicted and convicted in the criminal court of Wood County. Though upon the trial and in the opinion the questions here raised were not considered or discussed, yet the Graham case furnishes a precedent not to be disregarded.

In *Ruffin* v. *Commonwealth,* 21 Gratt. 790, cited by defendant, the principle announced and somewhat relevant to the facts now dealt with is: ''A person convicted of felony and sentenced to confinement in the penitentiary, is, until the time of his imprisonment has expired, or he has been pardoned, in contemplation of law, in the penitentiary, though he may have been hired out to work on a railroad, or the like, in a distant

county; and the laws relating to convicts in the penitentiary apply to him.''

Ruffin was engaged in the service of a railroad company in the county of Bath in Virginia under a contract authorized by that commonwealth and for his return to the penitentiary at Richmond after the completion of the employment the contractor assumed responsibility, and to protect itself against the probability of an escape placed him under the surveillance of a guard employed by it, as was required by the laws of that state. This guard the convict killed, and for the murder so committed he was convicted and sentenced in Richmond, or in a county other than the one where the homicide occurred. The first section of chapter 215 of the Virginia Code then in force is in part the same as section 1, ch. 165, of ours. It goes further and provides the mode of convening grand juries to indict and petit jurors to try such offenders, a procedure not recognized or provided for by our law. The opinion, speaking of the status of the accused, says: ''Though at the time of the commission of the murder of which he was convicted, he was not within the walls of the penitentiary, but in a distant part of the state, he was yet, in the eye of the law, still a convict in the penitentiary; not, indeed, actually and bodily within its walls, imprisoned and physically restrained by its bars and bolts, but as certainly under the restraints of the laws, and as actually bound by the regulations of that institution as if he had been locked within one of its cells.''

The principles embodied in the language quoted, Griffith asks to have applied in his behalf, as well as the argument used in the opinion to sustain them. Even if deemed consonant with justice and logic, they are predicated upon facts and circumstances that do not appear here. When Roush was killed Griffith was not in the custody of any authority representing the state. He was an escaped convict, and as such under no restraint except his own will and the fear of discovery. Can it reasonably or logically be said that a prisoner who succeeds in freeing himself from all restraint, even temporarily, is still under restraint, although he is free to go where and when he pleases, unmolested, so long as he is able to avoid or evade successful pursuit by officers of the state

or their agents. As we have said and now repeat, if his sentence had been for a term of years, and not for life, he could lawfully have been compelled to undergo confinement in the prison for a time sufficient to constitute the full term, even if while he was absent it had expired by limitation. There seems to us to be a more reasonable foundation for the belief in the existence of a more valid objection to the jurisdiction of the circuit court of Marshall County than there is to the right of the circuit court of Mason County to take cognizance of an indictment for murder committed in the latter county by an escaped convict.

Defendant further insists that, even if the venue of the indictment is properly laid in Mason County, he cannot lawfully be tried for the offense until the termination of the sentence which he now is serving. But his position in this regard is also untenable. As said in 13 C. J. 919: "It is a general rule that a convict, although serving his term, may be tried and sentenced for a crime committed either prior or subsequent to the conviction under which he is enduring punishment. * * * He may be tried and sentenced to a term in addition to his original sentence, * * * or he may be sentenced to death and executed accordingly." Moreover, section 5, ch. 164, Code; *Singleton* v. *The State,* 71 Miss. 782, expressly provides that if a convict in the penitentiary shall commit a felony, other than those provided for in that chapter, which is punishable by confinement therein or by death, he shall suffer the same punishment as if he had been discharged before committing it.

Nor does the conclusion urged in his behalf follow as of course that, owing to the sentence of life imprisonment, it is futile to retry him for a like offense subsequently committed. The jury impaneled to try him in Mason County may or may not exercise the discretion to fix the punishment by confinement for life, as authorized by section 19, chapter 159, Code. If in their opinion the facts proved at the trial justify the full and final penalty prescribed by law, it is within their privilege to find accordingly. So a trial under the Mason County indictment need not necessarily produce a vain and

useless result such as another sentence for life or a term of years would.

Our opinion, therefore, is to approve the ruling certified to us, and such will be the effect of our order.

*Affirmed.*