### CHAPMAN v. SCOTT, Warden.

(Circuit Court of Appeals, Second Circuit. February 15, 1926.)

No. 301.

**1. Prisons &#8574;13—Attorney General, under statutes and practice of comity, may change place of imprisonment of federal prisoner to state prison (Comp. St. § 10547).**

Under Comp. St. § 10547, giving Attorney General authority to change place of imprisonment of federal prisoner, and under practice of comity between federal and state courts, change may be made from federal to state prison.

**2. Convicts &#8574;5.**

One serving sentence of imprisonment for crime is not immune from trial and punishment for another offense.

**3. Criminal law &#8574;100(3)—Federal prisoner, transferred to state prison, held subject to state court's jurisdiction, and to punishment for crime committed in state, irrespective of commutation of federal sentence.**

Where federal prisoner was transferred to state prison, and from there produced in state court, and without objection to jurisdiction tried and convicted of murder, and sentenced to be hanged, *held*, irrespective of his refusal of commutation of federal sentence, he having been lawfully within state court's jurisdiction, United States only could object to carrying out of state court's sentence.

In Error to the District Court of the United States for the District of Connecticut; Edwin S. Thomas, Judge.

Habeas corpus proceedings by Gerald Chapman against Henry K. W. Scott, Warden of Connecticut State Prison. To review an order (10 F.[2d] 156) dismissing writ, relator brings error. Affirmed.

Frederick J. Groehl, of New York City, for plaintiff in error.

Hugh M. Alcorn and Reinhart L. Gideon, both of Hartford, Conn., for defendant in error.

George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., amicus curiæ.

Before MANTON, HAND, and MACK, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was convicted in the United States District Court for the Southern District of New York for mail robbery, and was sentenced to 25 years in the federal penitentiary at Atlanta, Ga. He began service of his sentence on August 25, 1922, and on March 27, 1923, he escaped from the penitentiary, and was captured the next day and placed in a hospital at Athens, Ga. He escaped from that institution on April 4, 1923, but was recaptured on January 18, 1925, at Muncie, Ind., and returned to the federal prison at Atlanta, Ga. On October 12, 1924, while at large, he murdered a police officer at New Britain, Conn. After a trial, he was found guilty and sentenced to death. This judgment was affirmed on appeal by the Supreme Court of Errors, the highest court of the state of Connecticut. 130 A. 899. After recapture and return to the penitentiary at Atlanta, the Attorney General of the United States, by letter, ordered his transfer to a state prison at Wethersfield, Conn. On February 13, 1925, the superior court of Connecticut, upon application of the state's attorney for the county where the murder was committed, and upon the consent of the United States attorney for the district of Connecticut, issued a writ of habeas corpus, requiring the warden of the state prison to produce the prisoner to plead to the indictment of murder in the state court. The Attorney General also consented to the issuance of this writ. No objection was made to the application for the writ, nor was the jurisdiction of the court in any way questioned, and a plea of not guilty was entered.

On November 23, 1925, the President of the United States issued a document reciting that the plaintiff in error had been convicted of mail robbery, his sentence, his escape, recapture, and second escape from the hospital at Athens, Ga., and recapture and reincarceration in the federal penitentiary; that he had been removed by consent of the

Attorney General to the Connecticut state prison at Wethersfield, Conn., and then recited that, whereas, it appeared that the ends of justice would be served by a commutation of sentence, the President in consideration of all the premises, commuted the imprisonment to the term of the sentence already served. When this commutation, through this executive order, was offered to the plaintiff in error by the warden of the Connecticut state prison, he refused to accept it.

After the affirmance of conviction for murder in the state court, the plaintiff in error obtained from the District Court for the District of Connecticut, a writ of habeas corpus, praying that he be produced before the court, and that an order be entered directing that he be remanded to the custody of the keeper of the penitentiary at Atlanta, and that the state authorities be prevented from keeping control or custody of the prisoner, and otherwise be prevented from carrying out the execution of the state court sentence. The District Court dismissed the writ and remanded the prisoner to the custody and control of the defendant in error, the warden of the state prison at Wethersfield, Conn., to be dealt with according to law.

[1, 2] It is urged that error was committed below in the failure to hold that it was unlawful to transfer the relator to the Connecticut state prison. Section 10547 of the Compiled Statutes gives authority to the Attorney General to change the place of imprisonment of a federal prisoner, and, while there is no expressed provision authorizing the transfer of a federal prisoner to a state prison, the power exists and may be exercised with the consent of the Attorney General. In the practice of comity between the federal and state courts, he is vested with such power and discretion. Ponzi v. Fessenden, 42 S. Ct. 309, 258 U. S. 254, 66 L. Ed. 607, 22 A. L. R. 879. Serving imprisonment of a sentence for one crime gives a prisoner no immunity from trial and punishment for a second offense. Ponzi v. Fessenden, supra; Thomas v. People, 67 N. Y. 218; State v. Griffith, 107 S. E. 302, 88 W. Va. 582; Singleton v. State, 16 So. 295, 71 Miss. 782, 42 Am. St. Rep. 488; Peri v. People, 65 Ill. 17; People v. Finley, 94 P. 248, 153 Cal. 59.

[3] There was no objection or plea to the jurisdiction of the state court. How he came within the jurisdiction of the Connecticut court, in the absence of objection by the United States, is not important or material; it is sufficient that he is there. He was lawfully within the jurisdiction of the Connecticut court, and it had the power, under the custody granted, to try and punish him upon conviction.

It is argued that, before the sentence of the state court be imposed by hanging, the prisoner must first serve the balance of his term imposed by the United States District Court. This argument is based largely upon the theory that the President's grant of commutation of sentence is ineffectual because it was not accepted by the plaintiff in error, and United States v. Wilson, 7 Pet. 150, 8 L. Ed. 640, is cited. We need not consider the effect of the commutation granted or the refusal to accept it. It is sufficient that the state of Connecticut had jurisdiction to prosecute the plaintiff in error for the crime of murder. In re Johnson, 17 S. Ct. 735, 167 U. S. 120, 42 L. Ed. 103; Ker v. Illinois, 7 S. Ct. 225, 119 U. S. 436, 30 L. Ed. 421. A prisoner may not, with impunity, commit another and more serious crime, and say he is protected from trial and punishment. The alleged disability of his first sentence will work no such handicap to law enforcement. Convicts, like others, are amenable to the law and its penalties. Punishment for crime is general and applies to all. The prisoner has no right to demand which sentence be satisfied first. The law will not recognize any such interest as his. It is the United States government only which may object. It makes no objection to the carrying out of the sentence of the state court here. It appears and files a brief as amicus curiæ, and urges that the sentence of the state be carried out. Execution of the sentence is the reparation made to society for the offense and to deter others from similar crimes. A convict has no greater interest in its enforcement than any other citizen. In re Andrews (D. C.) 236 F. 300; United States v. Marrin (D. C.) 227 F. 314. It appearing that there was jurisdiction in the state of Connecticut, and that the prisoner submitted to that jurisdiction, and has been found guilty and sentenced within that state, the sentence of the court of that state may be lawfully carried out, with due regard for any and all constitutional rights the prisoner may have.

Order dismissing the writ of habeas corpus is affirmed.