STATE OF WEST VIRGINIA *v.* JAMES DIGNAN

(No. 7657)

Submitted October 17, 1933.   Decided October 31, 1933.

*Everett F. Moore,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

KENNA, JUDGE:

James Dignan, plaintiff in error, was sentenced in the Intermediate Court of Ohio County on February 15, 1929, to be confined in the penitentiary for a term of four years. He escaped on August 4, 1930, while employed with a road gang in Braxton County, and was almost immediately recaptured. His sentence expired on February 17, 1933, and at the Febru-

ary term of the circuit court of Marshall County he was indicted for the escape, the indictment charging it as having occurred in Clay County. He was tried and convicted on the 8th day of March, 1933, and on the 18th day of March, after overruling a motion to set aside the verdict and grant defendant a new trial and in arrest of judgment, the trial court sentenced him to the penitentiary for a period of five years. From the proof at the trial, it appears that the escape actually took place in Braxton County.

The errors assigned here are: (1) in trying the accused in Marshall County because the constitution of West Virginia requires that criminal trials take place in the county where the crime was committed unless, on motion of the defendant, a change of venue is ordered; (2) that a material variance between the allegation of the indictment that the offense took place in Clay County and the proof at the trial that the escape actually occurred in Braxton County, renders the conviction invalid; and (3) that a period of two years and six months having intervened between the date of the alleged offense and the trial of the accused therefor, the constitutional requirement guaranteeing to the accused a speedy trial has been violated and for that reason the conviction cannot stand.

To meet the first proposition, the state relies upon the case of *Ruffin* v. *Commonwealth,* 21 Gratt. 790. Under a Virginia statute prescribing that all proceedings against convicts in the penitentiary should be in the circuit court of the City of Richmond, Ruffin was tried and convicted in that court for a homicide occurring in Bath County, Virginia. The Virginia supreme court sustained the conviction, stating that a convict in the penitentiary could not avail himself of a provision of the bill of rights of the Virginia constitution requiring that in criminal cases "a man hath a right to a speedy trial by an impartial jury of his vicinage." The principles of the *Ruffin* case are not the law in this state. Here, all men are entitled to the protection of the constitution, and this protection is not forfeited by even a convict except to the extent reasonably necessary to expiate the offense already committed. *Dudley* v. *State,* 55 W. Va. 472, 47 S. E. 285, followed the principle that the protection of the West Virginia constitution in the matter of indictment and trial of criminal offenses extends

as much to a person standing convicted of crime as to any other person. The well-reasoned case of *State* v. *Keefe*, 17 Wyo. 227, 98 P. 122, 17 Ann. Cas. 161, follows the same principle. In the case of *State* v. *Griffith*, 88 W. Va. 582, 107 S. E. 302, the converse of the proposition involved in the *Ruffin* case arose. There, an escaped convict had killed a man in Mason County during his escape. He undertook to avail himself of the statute (section 1, chapter 165, at that time) which prescribes that all criminal proceedings against convicts in our state penitentiary shall be in the circuit court of Marshall County. This court held that Griffith was neither actually nor constructively confined in the penitentiary and that the provision of the statute did not apply to him for that reason. The jurisdiction of the circuit court of Mason County was therefore upheld in that case.

The West Virginia constitution is plain and explicit on the question of where criminal trials shall take place. It is as follows:

> ''Trials of crimes, and misdemeanors, unless otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the alleged offense was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county. In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witnesses against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defence; and there shall be awarded to him compulsory process for obtaining witnesses in his favor.''

The venue contemplated by this provision, as well as by the provision of the statute, Code 62-8-3, requiring offenses committed by convicts confined in the state penitentiary to be tried in Marshall County, contemplates actual venue. No other venue is possible under the terms of our constitution, unless upon motion of the accused himself. Therefore, we conclude that the circuit court of Marshall County was without jurisdiction to try the accused in this case for an offense committed in Braxton County.

It is true that points one and two of the *Griffith* case and

the discussion contained in the body of the opinion may be susceptible of the interpretation that a convict can be constructively in the penitentiary for the purposes of venue of a criminal offense without being physically present in Marshall County. Inasmuch as Griffith, at the time of committing the crime in Mason County, was in no sort of custody and under no sort of restraint, there was no basis for determining him to be even constructively in the penitentiary. Nevertheless, the *Griffith* case would have made the matter plainer if it had simply been based upon actual venue in Mason County as the county where the crime was committed. There is no room under the West Virginia constitution to interpret any statute as creating a constructive venue of crime. The crime itself or some act or element entering into it must actually have taken place in the county where the venue is laid and the trial had. It is true that certain crimes, may take place and be committed in more than one locality, in which case venue may be laid in all or any one of such places. This, however, is based upon actuality and not upon a legal fiction such as constructive venue. There is no room for such theorizing under the West Virginia constitution.

For the reasons stated, the judgment of the circuit court of Marshall County will be reversed, the verdict set aside and the cause remanded.

It becomes unnecessary to consider the second and third assignments of error.

*Reversed and remanded.*