**STILLWELL v. LOONEY, Warden.**

**No. 4690.**

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1953.

Appellant filed a brief pro se.

Charles H. Rooney, Asst. U. S. Atty., Topeka, Kan. (George Templar, U. S. Atty., Dist of Kansas, Arkansas City, Kan., was with him on the brief), filed a brief for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus. On March 22, 1935, Stillwell, hereinafter referred to as petitioner, was sentenced under the Indeterminate Sentence Law, applicable in the District of Columbia,[1] to sentences of minimums aggregating five years and maximums aggregating twenty years. On July 16, 1940, the Board of Indeterminate Sentence and Parole for the District of Columbia, acting pursuant to § 4 of the Act of July 15, 1932,[2] as amend-

---

1. Act of July 15, 1932, § 3, 47 Stat. 696.

2. 47 Stat. 696, 697.

ed by § 3 of the Act of June 6, 1940,[3] released the petitioner on parole. While on parole, petitioner was charged with the offense of burglary in the State of Oklahoma. He was tried and convicted and in October, 1942, was sentenced to imprisonment in the Oklahoma State Penitentiary for a term of two years.

Section 5 of the Act of July 15, 1932,[4] as amended by § 4 of the Act of June 6, 1940,[5] provides that if the Board of Indeterminate Sentence and Parole or any member thereof shall have reliable information that a prisoner has violated his parole, the Board or any member thereof, at any time within the term or terms of the prisoner's sentence, may issue a warrant for the retaking of such prisoner, and that the officer to whom such warrant shall be delivered shall execute such warrant by taking such prisoner and returning him to the penal institution of the District of Columbia from which he was paroled, or to such penal or correctional institution as shall be designated by the Attorney General of the United States.

On November 5, 1942, a member of the Board of Indeterminate Sentence and Parole issued a warrant reciting that the conditions of petitioner's parole had been broken and that any Federal officer authorized to serve the warrant should arrest petitioner and return him to the District of Columbia Reformatory at Lorton, Virginia.

Section 6 of the Act of July 15, 1932,[6] provides that at the next meeting of the Board of Indeterminate Sentence and Parole held after the issuance of a warrant for the retaking of any paroled prisoner, such Board shall be notified thereof and if such prisoner shall have been returned to the institution he shall be given an opportunity to appear before such Board and such Board may then, or at any time in its discretion, revoke the order and terminate such parole and if the pa-

role be revoked and terminated, the prisoner shall serve the remainder of the sentence originally imposed, and that the unexpired term of imprisonment of such prisoner shall begin to run from the date he is returned to the institution and the time the prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

Section 5 of the Act of June 6, 1940,[7] amended § 6 of the Act of July 15, 1932,[8] by adding at the end thereof the following:

"In the event said prisoner is removed to a penal or correctional institution designated by the Attorney General, the Board of Parole, created by the Act of Congress entitled 'An Act to amend an Act providing for the parole of United States prisoners, approved June 25, 1910, as amended', approved May 13, 1930, shall have and exercise the same power and authority over such prisoner as the Board of Indeterminate Sentence and Parole would have had such prisoner been returned to a penal institution of the District of Columbia, including the power to revoke his parole."

On December 24, 1943, the Attorney General designated the United States Penitentiary at Leavenworth, Kansas as the place where petitioner should serve the balance of his sentence.

Upon petitioner's release from the Oklahoma State Penitentiary on January 15, 1944, he was arrested under the warrant referred to above and on January 26, 1944, was delivered to the United States Penitentiary at Leavenworth, Kansas.

On February 14, 1944, the Board of Parole created by the Act of June 25, 1948, 62 Stat. 854, 18 U.S.C.A. § 4201,[9] issued a certificate of revocation of the petitioner's parole. The certificate re-

---

3. 54 Stat. 242, 243.

4. 47 Stat. 696, 698.

5. 54 Stat. 242, 243.

6. 47 Stat. 696, 698.

7. 54 Stat. 242, 243.

8. 47 Stat. 696, 698.

9. Hereinafter referred to as the Federal Parole Board.

cited that the Federal Parole Board had "heard the case of the above-named prisoner (Lonnie Stillwell) in the matter of violation of parole, and on the date of this certificate has ordered that the parole heretofore granted \* \* \* be revoked, and that this prisoner serve the remainder of his sentence originally imposed, as is provided by law."

The full term of petitioner's sentence will expire September 18, 1958, but good time allowance will make him eligible for release in March, 1955.

Petitioner contends that the Federal Parole Board was without jurisdiction to act. He concedes that if such Board had jurisdiction the proceedings before it were regular.

A person convicted of an offense against the United States is committed to the custody of the Attorney General. The power of the Attorney General to designate the place of his original confinement and to order his transfer from one institution to another is well settled.[10] Under the order of the Attorney General, petitioner was properly returned to the United States Penitentiary at Leavenworth, Kansas, and the Federal Parole Board, by virtue of § 6 of the Act of July 15, 1932,[11] as amended by § 5 of the Act of June 6, 1940,[12] had jurisdiction over the matter of the revocation of his parole.[13]

The conferring of jurisdiction on the Federal Parole Board to revoke the parole of prisoners released on parole by the Board of Indeterminate Sentence and Parole, when such prisoners are returned to a penal or correctional institution designated by the Attorney General, was remedial and procedural in character and affected no substantive rights of petitioner.[14]

It follows that petitioner is not entitled to discharge and the order dismissing the application for the writ is affirmed.

10. Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, 184.

11. 47 Stat. 696, 698.

12. 54 Stat. 242, 243.

13. Story v. Rives, supra, 97 F.2d at page 186.

14. Voorhees v. Cox, 8 Cir., 140 F.2d 132, 135.