### WERNTZ v. LOONEY.
### No. 4701.

United States Court of Appeals
Tenth Circuit.
Oct. 29, 1953.

George F. Barbary, Denver, Colo., for appellant.

George Templar, U. S. Atty., Arkansas City, Kan., Charles H. Rooney, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

## PER CURIAM.

Clifford E. Werntz brought this habeas corpus action to challenge the legality of his detention in the United States Penitentiary at Leavenworth, Kansas. The principal ground for relief is that while serving a sentence in the Kansas State Penitentiary, he also served a sentence which he had been given in the United States District Court of Kansas. The petition was heard and disposed of as a proceeding in habeas corpus and the trial court denied relief. This appeal followed.

On December 13, 1945, the petitioner was committed to the Kansas State Penitentiary by the State Court to serve one sentence of 10 to 20 years, and a second sentence of 1 to 30 years. The two sentences were to run concurrently. In February, 1946, the petitioner was taken from the Kansas State Penitentiary and brought before the United States District Court of Kansas where he pleaded guilty to a charge of kidnapping and was sentenced to serve a term of 20 years.[1] The petitioner was then returned to the State Penitentiary[2] where he remained until June 19, 1951, when he was released on parole and delivered over to federal authorities who took him to Lea-

[1]. In this judgment and sentence it was provided that the sentence should "run concurrently with the sentence the defendant is now serving in the Kansas State Penitentiary at Lansing."

[2]. On February 12, 1946, the Director of the Bureau of Prisons, acting for the Attorney General, instructed the United States Marshal for the District of Kansas as follows:

"We have been advised that the above-named subject was sentenced January 5, 1946, to a term of twenty years to run concurrently with the state sentence he is now serving in the Kansas State Penitentiary, Lansing, Kansas.

"The Kansas State Penitentiary at Lansing is hereby designated as the place of confinement for Clifford Earl Werntz. It is understood that no charge will be made to the federal government during the time he is serving the state sentence. If the state sentence expires before the federal sentence has been served, the case should be brought to the attention of this office for transfer or other disposition."

The Attorney General has the exclusive power to designate the place where fed-

-venworth -to serve the time remaining on the federal sentence.

■ The petitioner alleged and contended in the trial court that prior to his arraignment he had been promised leniency if he would enter a plea of guilty and that the trial judge had advised him that it was not the purpose of the sentence to require the petitioner to do any time in addition to the state court sentences. This is a collateral attack upon the judgment and sentence and the remedy therefor is limited to proceedings under the provisions of 28 U.S.C.A. § 2255. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965.

■ The petitioner contends that since the federal sentence was to run concurrently with the state sentence, the former sentence expired when the latter did and that he was entitled to his release when he served the state sentence. If by serving the state court sentence the petitioner also completely served the federal court sentence, then he would be entitled to his immediate release on habeas corpus. It is well settled that where a sovereignty or its courts have possession of a person, they cannot be deprived of the right to deal with such person until their jurisdiction and remedy are exhausted, and no other sovereignty or its courts have the right or power to interfere with such custody or possession. Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 655. It is equally well established that a prisoner may be taken from the custody of one sovereign, with its consent, to be tried in the courts of another without the loss of the right to possession of the prisoner. In discussing this rule we said in Lunford v. Hudspeth, supra:

"As an easy and flexible means of administering justice and of affording each sovereignty the right and opportunity to exhaust its remedy for wrongs committed against it, there has evolved the now well established rule of comity which is reciprocal, whereby one sovereignty having exclusive jurisdiction of a person may temporarily waive its right to the exclusive jurisdiction of such person for purposes of trial in the courts of another sovereignty. Thus the offender is accorded a speedy trial and the administration of justice is expedited by the availability of evidence, which might through lapse of time be lost, but such a waiver is a matter addressed solely to the discretion of the sovereignty, or its representatives having power to grant it. Ponzi v. Fessenden [258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607], supra, and Ex parte Aubert, D.C., 51 F.2d 136. The privileges granted by this flexible rule of comity should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it. Under the free exercise of this rule, no right or immunity granted by the constitution, laws, or treaties of the United States, is invaded or impaired."

See also Stamphill v. Johnston, 9 Cir., 136 F.2d 291; Zerbst v. McPike, 5 Cir., 97 F.2d 253.

■ It was within the power of the federal court in the first instance to sentence this petitioner and to provide that the sentence should be served concurrently or consecutively with other sentences including those which were previously imposed by other courts. United States v. Tacoma, 2 Cir., 199 F.2d 482; Zerbst v. Walker, 10 Cir., 67 F.2d 667. No contention is made that the petitioner is not being given credit for the time which he served in the state prison. It is apparent from the record that the petitioner has not served the federal court sentence. Consequently he is not entitled to release on habeas corpus while that sentence is in effect.

Judgment affirmed.

-eral sentences shall be served. The designation may be to institutions maintained by the federal government or otherwise.

18 U.S.C.A. § 4082. Stillwell v. Looney, 10 Cir., 207 F.2d 359.