Donald Wayne LAWRENCE, Appellant,

v.

J. T. WILLINGHAM, Warden, Appellee.

No. 9266.

United States Court of Appeals Tenth Circuit.

March 3, 1967.

Before MURRAH, Chief Judge, and HILL, Circuit Judge.

PER CURIAM.

The appellant does not attack the validity of his federal sentence but asks this Court to effectuate his transfer from the United States Penitentiary at Leavenworth, Kansas, to a federal institution in Texas so that he may be more conveniently brought to trial on a state charge. He argues that the federal courts have the authority to enter such an order for the following reasons:

1. The sentencing court recommended that he be committed to the Federal Correctional Institution at Seagoville, Texas, and such a recommendation is binding on the Attorney General.

2. He should not have been transferred from the Federal Correctional Institution at Texarkana, Texas, to the United States Penitentiary, Leavenworth, Kansas.

3. The district court had the authority under 28 U.S.C. § 2241(c) (5) to issue a writ of habeas corpus ad prosequendum to have him brought before the Texas court for trial.

■ The appellant cites numerous cases in support of his contention that the Attorney General is bound by the recommendation of the sentencing court. Prior to 1941, 18 U.S.C. § 753f authorized the court, in certain circumstances, to select the place of confinement and most of the cases he cites relate to that provision. However, § 753 has been replaced by 18 U.S.C. §§ 4082, 4083, and the Attorney General is now vested with the exclusive authority to designate the place of confinement. 18 U.S.C. § 4082 (a); Bowen v. United States, 174 F.2d 323 (10th Cir. 1949); Hogue v. United States, 287 F.2d 99 (5th Cir. 1961), cert. denied 368 U.S. 932, 82 S.Ct. 369, 7 L.Ed.2d 195. "In practice the sentencing court in the order of commitment frequently recommends a place for the convict's detention. However, while it is generally followed by the Attorney General, it is only a recommendation and not an order of the court." Hamilton v. Salter, 361 F.2d 579 (4th Cir. 1966).

■■ The Attorney General also has the exclusive authority to transfer federal prisoners. 18 U.S.C. § 4082(b); Stillwell v. Looney, 207 F.2d 359 (10th Cir. 1953). Lawrence was transferred to a federal correctional institution in Texas at the request of Texas officials. He remained there nearly eight months and was then transferred to Leavenworth because he was subject to penitentiary confinement on the basis of his six-year sentence and previous record. The decision of the Attorney General is conclusive in the absence of a showing of abuse of discretion, that is, that the transfer was arbitrary or capricious. See Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966). We do not find this transfer to be arbitrary or capricious.

■ It is true, as appellant contends, that 28 U.S.C. § 2241(c) (5) authorizes a United States District Court to issue a writ of habeas corpus ad prosequendum to produce a defendant for trial. This writ is "necessary as a tool for jurisdictional potency." Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed. 2d 329 (1961). The traditional use of the writ has been to bring a defendant in the custody of another sovereign to trial before the court issuing the writ. See Lunsford v. Hudspeth, 126 F.2d 653 (10th Cir. 1942); United States ex rel. Moses v. Kipp, 232 F.2d 147 (7th Cir. 1956). If a writ of habeas corpus ad prosequendum is to be used to bring Lawrence to trial in a Texas state court, the writ must issue from that court.

Affirmed.