Vern Mac **THOGMARTIN**, Movant, Pro Se

v.

**Warden R. I. MOSELEY and United States of America, Respondent.**

No. L–1030.

United States District Court, D. Kansas.

Dec. 31, 1969.

No appearance for petitioner.

Robert J. Roth, U. S. Atty. for the Dist. of Kansas, Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

1. Thogmartin has lodged with the Clerk of this Court his application for a writ of habeas corpus together with some fifty pages of factual statements, arguments, authorities and exhibits, together with his affidavit in support of a motion for leave to proceed in forma pauperis under the provisions of 28 U.S.C.A. § 1915. Upon consideration of the papers so lodged, the Court makes the following findings and order:

2. Petitioner is in the custody of the Respondent, Robert I. Moseley, Warden, United States Penitentiary, Leavenworth, Kansas, under color of authority of the United States by virtue of a sentence of seven years imposed upon Thogmartin by the United States District Court for the Northern District of Missouri, Western Division, on the 14th day of November, 1968, and a two-year consecutive sentence imposed at the same time, together with one-year and two-year concurrent sentences, for a total of nine years, upon petitioner's entry of a plea of guilty to charges of bank robbery, escape, and failure to appear in court, as defined by 18 U.S.C.A. §§ 2, 2113(a), 751 and 3150. Petitioner has previously filed a motion under 28 U.S.C.A. § 2255 with the trial court, and upon its denial, appeal was taken to the 5th Circuit, where the appeal is now pending. In this proceeding, petitioner is not challenging the sentences he is serving or the proceedings leading thereto, and states that the matters here urged have not previously been presented in any court.

3. Petitioner is presently assigned to the hospital laboratory in Leavenworth Penitentiary. He states that his work has been good and he was recommended on June 27, 1969 for meritorious good time by the hospital staff. He was approved for two additional days credit each month for outstanding work and good conduct. Apparently he is continuing on this assignment and is continuing to draw his meritorious good time.

4. The gist of his contention is that on August 1, 1969, Thogmartin was denied transfer to the Medical Center for Federal Prisoners at Springfield, Missouri, where he hoped to receive additional and advanced training as a medical technician. This denial was based upon a letter from the hospital administrator at Springfield stating that petitioner has a lengthy criminal background; he has been convicted of a crime of violence; he would not benefit from the training as he would not be accepted for registry by the appropriate medical boards; and he has an escape record. He contends that he is being denied the opportunity to rehabilitate himself and that this denial, and his retention at Leavenworth as a "minimal treatment" prisoner, is cruel and unusual punishment and he is being denied equal protection. With reference to the stated reasons for the rejection of his request for a transfer, Thogmartin admits that he is a poor risk, and that he has a lengthy criminal background, but he states that his conviction of a crime of violence occurred when he was 16 years old, and he was given probation which he served without violation. He states further that there is no problem of custody at the medical center and there would be no danger of escape.

5. 18 U.S.C.A. § 4001 provides that the control and management of federal penal institutions shall be vested in the Attorney General. The Attorney General may establish and conduct all industries and other activities, classify the inmates, and provide for their proper government, discipline, treatment, care, rehabilitation and reformation. The 10th Circuit, speaking in Bethea and Townsend v. Crouse (10th Cir. Aug. 7, 1969) 417 F.2d 504, has said:

"We have consistently adhered to the so-called 'hands off' policy in matters

of prison administration according to which we have said that the basic responsibility for the control and management of penal institutions, including the discipine, treatment, and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercized in such a manner as to constitute clear abuse or caprice upon the part of prison officials."

This Court has no jurisdiction to oversee, audit, regulate or direct the prison authorities in matters of administration. Thogmartin seeks a reassignment as a prisoner; in effect, he seeks to have this Court direct the Attorney General to transfer him from the United States Penitentiary at Leavenworth, Kansas, to the Medical Center for Federal Prisoners at Springfield, Missouri, where he may receive the desired instruction. 18 U.S. C.A. § 4082 specifically provides that a person convicted of an offense against the United States shall be committed by a Court to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served. Courts have no authority to designate the place of confinement.

6. Further, the matter of determining what specific training and what specific program each prisoner should be entered upon is purely a matter of prisoner administration. This is not a matter over which the court has authority, and not a matter which this court may give directions to the Attorney General or his authorized representatives. This Court concludes that it has no authority to grant the relief sought by the petitioner; and further that the petition fails to show that the acts of the respondent are in anywise abusive or capricious. Clearly, the "hands off" policy applies to the situation described in the application, and this Court has no authority or jurisdiction in the matter.

7. The Court concludes that the petition must be dismissed for the reasons stated.

8. It is ordered that leave to proceed in forma pauperis be granted; that the application and the attached papers be filed; and that the action so commenced be dismissed.

9. It is further ordered that the motion for discovery and production of documents and things for inspection, copying, or photographing, filed by petitioner on December 17, 1969, be denied.

10. It is further ordered that the Clerk transmit copies of this Memorandum and Order to petitioner, to the respondent warden, and to the United States Attorney for the District of Kansas.