Howard KING

v.

John J. NORTON, Warden, Federal Correctional Institution, Danbury, Connecticut; United States of America.

Civ. No. B–348.

United States District Court, D. Connecticut.

Jan. 7, 1972.

Howard King, pro se.

Stewart H. Jones, U. S. Atty., B. Blair Crawford, Asst. U. S. Atty., for defendants.

## MEMORANDUM OF DECISION

BLUMENFELD, Chief Judge.

Howard King, a federal prisoner presently incarcerated at the Federal Correctional Institution at Lewisburg, Pennsylvania, petitioned this court on August 25, 1971, for injunctive relief to prevent his transfer from the Federal Correctional Institution at Danbury, Connecticut, to his present place of confinement. Although an order to show cause was entered to stay that transfer pending a hearing, the transfer was accomplished before notice of the order was given to the prison authorities. Petitioner now requests that the transfer be declared illegal, and that he be returned to Danbury. The defendants have moved for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted and, in the alternative, for summary judgment under Fed. R.Civ.P. 56(b).

The petitioner was sentenced on September 16, 1970, under Title II of the Narcotic Addict Rehabilitation Act, 18 U.S.C. § 4253, "to the custody of the Surgeon General for treatment in a hospital of the service for an indeterminate period of time not to exceed three (3) years" by Judge Theodore Levin of the Eastern District of Michigan.

According to the affidavit of John M. McCullough, Director of the Narcotic Addict Rehabilitation Unit at Danbury, the petitioner made poor progress in the rehabilitation program, then dropped out of it voluntarily on May 1, 1971. McCullough's further statement that the petitioner subsequently disrupted the program by spreading his dissatisfaction with it among other inmates is denied by the petitioner. McCullough stated that the recommendation that King be transferred was made by the members of King's treatment team in consultation with McCullough. The request for transfer was approved by the Case Management Branch of the Bureau of Prisons, and subsequently by the Reclassification Committee at Danbury, which consists of administrative personnel. The Committee acted on the basis of the rehabilitation staff's recommendation.

Petitioner's request may be construed as an application to review and set aside the order of transfer, claiming that the transfer was without statutory authority and violated due process.[1]

---

[1] Although the defendants here do not raise the question of whether administrative remedies have been exhausted by petitioner, see Dobson v. Cameron, 127 U.S.App.D.C. 324, 383 F.2d 519 (1967), it does not appear from the record that petitioner has addressed his grievance to the Director of the Bureau of Prisons.

" . . . (P)risoners must first exhaust their administrative remedies by applying directly to the Bureau of Prisons. Smoake v. Willingham, 350 F.2d 386, 387–388 (10th Cir. 1966). The 'prisoner's mailbox provides a means whereby an aggrieved prisoner may write directly, without inspection by institutional authorities, to the Director of the Bureau of Prisons.' See Green v. United States, 283 F.2d 687 (3d Cir. 1960). This, or a similar procedure, ought to be exercised by a prisoner before appealing to the courts for relief." Murphy v. Surgeon General, 269 F.Supp. 227, 228 (D.Kan. 1967).

However, exhaustion is unnecessary where the administrative remedy is inadequate. See McNeese v. Board of Educ., 373 U.S. 668, 674–676, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968). Nor is exhaustion of administrative remedies required where it is probably or certainly futile. See King v. Smith, 392 U.S. 309, 319 n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Eisen v. Eastman, 421 F.2d 560, 569 (2d Cir.), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970). Here, the petitioner had applied for emergency relief to prevent his imminent transfer. Although petitioner has made no showing that an appeal to the Director of the Bureau of Prisons would have been impossible prior to his transfer, in the circumstances of this case, where immediate temporary relief

### The Merits

■ Transfers of prison inmates are made under the authority of the Attorney General as set forth in 18 U.S.C. § 4082(b), which provides that "The Attorney General . . . may at any time transfer a person from one place of confinement to another." Judicial review of transfer orders is limited to the question of whether the order is an "abuse of discretion." Chapman v. Scott, 10 F.2d 156, 159 (D.Conn.1925), aff'd, 10 F.2d 690 (2d Cir.), cert. denied, 270 U.S. 657, 46 S.Ct. 354, 70 L. Ed. 784 (1926). Recent cases have equated this standard of review with the determination of whether the transfer was "arbitrary or capricious." Lawrence v. Willingham, 373 F.2d 731, 732 (10th Cir. 1967). See also, Rodriguez-Sandoval v. United States, 409 F.2d 529, 532 (1st Cir. 1969).

■ Petitioner contends that his sentence under the Narcotic Addict Rehabilitation Act limits his confinement to federal institutions with rehabilitation facilities for narcotic addicts, which are absent at Lewisburg. However, the legislative history of § 4253 of the Act makes clear that where the prisoner does not respond successfully to the rehabilitation program, ordinary incarceration is contemplated. Section 4253 " . . . provides a lengthy period of sentence for those recalcitrant offenders who do not respond to treatment." U.S. Code Cong. & Admin.News, 89th Cong., 2d Sess., at p. 4252 (1966).

■ The petitioner also claims that the terms of his sentence limit confinement to a "hospital." However, the sentencing judge is without authority to limit the place of incarceration: " . . . the Attorney General is now vested with the exclusive authority to designate the place of confinement." Lawrence v. Willingham, *supra*, 373 F.2d at 732. There is ample support in the record for the order of transfer and to negate any claim that it was arbitrary

by this court was too late to prevent the transfer, it would be inappropriate to

and capricious. Cf. United States ex rel. De Fillo v. Fitzpatrick, 378 F.2d 85, 87 (2d Cir. 1967).

Enter judgment dismissing the petition.

So ordered.

base dismissal of this petition on failure to exhaust administrative remedies.