Rev. Dr. Frank D. LOVELL, Petitioner,

v.

Floyd E. ARNOLD, Warden and Commonwealth of Mass., charging authorities, Respondents.

Civ. No. 75–279.

United States District Court,
M. D. Pennsylvania.

March 13, 1975.

---

Rev. Dr. Frank D. Lovell, pro se.

SHERIDAN, Chief Judge.

Petitioner, Rev. Dr. Frank D. Lovell, presently an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has filed, in forma pauperis, a petition for a writ of habeas corpus in which he requests the court: (1) to order certain state criminal charges dismissed on the ground that the state indictments subject him to double jeopardy because his federal conviction is for the same offense, and on the ground the state of Massachusetts has denied him a speedy trial on the criminal charges; and (2) to prohibit the warden at Lewisburg from turning him over to the Massachusetts authorities for prosecution on the state charges on the ground that the state indictments should be dismissed for the aforementioned reasons and on the ground that the state authorities have failed to comply with the Interstate Agreement on Detainers.

■ In our "dual sovereignty" system, neither a conviction nor an acquittal in a federal court bars prosecution in state court for the same acts, since an act denounced as a crime by both federal and state sovereignties is an offense against the peace and dignity of both, and hence may be punished by each; thus one may be tried and punished by both the federal and state governments for the same act. Bartkus v. Illinois, 1959, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684; Abbate v. United States, 1959, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed. 2d 729; United States v. Lanza, 1922, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314; United States v. Vaughan, 5 Cir. 1974, 491 F.2d 1096; United States v. Smaldone, 10 Cir. 1973, 485 F.2d 1333, 1343; Martin v. Rose, 6 Cir. 1973, 481 F.2d 658; see Waller v. Florida, 1970, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435. Thus petitioner's double jeopardy argument is wholly without merit.

■ The place of a federal prisoner's confinement is vested in the discretion of the Attorney General or his authorized delegate, 18 U.S.C.A. § 4082; Moore v. United States Attorney General, 5 Cir. 1973, 473 F.2d 1375; Thogmartin v. Moseley, D.Kan.1969, 313 F.Supp. 158, aff'd 10 Cir. 1970, 430 F.2d 1178, cert. denied, 1970, 400 U.S. 910, 91 S.Ct. 155, 27 L.Ed.2d 150; Mercer v. United States Medical Center, W.D.Mo. 1970, 312 F.Supp. 1077; King v. Norton, D.Conn.1972, 336 F.Supp. 255. In addition, the exercise of jurisdiction over a prisoner who has violated the law of more than one sovereign is solely a question of comity not subject to attack by the prisoner, United States v. Vann, E.D.N.Y.1962, 207 F.Supp. 108; Potter v. Ciccone, W.D.Mo.1970, 316 F.Supp. 703; United States v. Bloombaum, D. Md.1966, 261 F.Supp. 814; United States v. Gladding, S.D.N.Y.1966, 265 F.Supp. 850; Truesdell v. United States, 8 Cir. 1968, 400 F.2d 859; Derengowski v. U. S. Marshal, 8 Cir. 1967, 377 F.2d 223. Moreover, a federal court may not interfere in an ongoing state criminal proceeding absent a showing of prosecutorial bad faith or harassment, or other "extraordinary circumstances" which call for the interposition of a court of equity to prevent great, immediate and irreparable injury which is clear and imminent and for which there is no ade-

quate remedy at law, O'Shea v. Littleton, 1974, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674; Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L. Ed. 1324; Bykofsky v. Borough of Middletown, M.D.Pa., 389 F.Supp. 836 (1975). It is clear that the allegations of the petition fall far short of the circumstances which would justify federal equitable intervention in an ongoing state criminal proceeding.

■ Finally, it is apparent from the petition that to the extent the petitioner seeks to bar prosecution on the underlying state charges on speedy trial grounds, the petition must be dismissed for failure to exhaust the remedies of the indicting state, Braden v. 30th Judicial Circuit Court of Kentucky, 1973, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed. 2d 443; Grant v. Hogan, 3 Cir. 1974, 505 F.2d 1220, 1222–1224 & n.4, n.8; United States ex rel. Jennings v. State of Pennsylvania, 3 Cir. 1970, 429 F.2d 522, 523; Trigg v. Moseley, 10 Cir. 1970, 433 F.2d 364, 366; Kane v. State of Virginia, 4 Cir. 1970, 419 F.2d 1369.

■ Moreover, to the extent petitioner seeks to bar his transfer to the state authorities for trial on the ground Massachusetts has failed to comply with the Interstate Agreement on Detainers, 18 U.S.C.A. App., because the state failed to try him on the state charges within 180 days after he made a proper request to be tried, as required by the Interstate Agreement on Detainers, it is clear from the face of the petition that relator has failed to exhaust his administrative remedies afforded by the Interstate Agreement on Detainers, 18 U.S.C.A. App., and that he likewise has failed to exhaust his state remedies by seeking dismissal of the charges and appealing to the higher Massachusetts courts on the ground that he had not been tried within 180 days as required by the Interstate Agreement, Braden v. 30th Judicial Circuit Court of Kentucky, 1973, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443;

Trigg v. Moseley, 10 Cir. 1970, 433 F.2d 364; Campbell v. Commonwealth of Virginia, 10 Cir. 1972, 453 F.2d 1230.

■ For the foregoing reasons, it is apparent that petitioner's claims with respect to double jeopardy, his place of incarceration, and his transfer to the custody of the Massachusetts state authorities are frivolous as a matter of law. It is apparent with respect to his speedy trial claim that he has failed to exhaust both state and administrative remedies.

Therefore, the action will be dismissed for failure to exhaust state and administrative remedies, 28 U.S.C.A. §§ 2241, 2243, 2254; Allen v. Perini, 6 Cir. 1970, 424 F.2d 134, cert. denied, 1970, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143, and as frivolous, pursuant to 28 U.S.C.A. § 1915(d), without issuance of process. Pennebaker v. Chamber, 3 Cir. 1971, 437 F.2d 66, 67; Isenberg v. Prasse, 3 Cir., 1970, 433 F.2d 449; Jones v. Bales, N.D. Ga.1972, 58 F.R.D. 453, 463–64 & n.2, aff'd 5 Cir. 1973, 480 F.2d 805; Williams v. Fields, 9 Cir. 1968, 394 F.2d 329; Wagner v. Holmes, E.D.Ky.1973, 361 F. Supp. 895.