**Joseph B. X. JONES #104 533**

v.

**Mr. Robert W. McCOLLEY, acting Commissioner of Correction, et al.**

**Civ. No. K–75–313.**

United States District Court,
D. Maryland.
July 30, 1975.

and presently confined in the Maryland Penitentiary, seeks herein, pursuant to 42 U.S.C. § 1983, a transfer to a Maryland prison camp or to a Maryland minimum security confinement institution and also the award of compensatory and punitive damages. Jones contends, *inter alia,* that his constitutional rights have been violated because he has been and is being denied the opportunity to rehabilitate himself and has been and is being treated unequally in comparison with other inmates of Maryland's confinement system.

Jones, after being transferred in July 1973 from the Maryland Penitentiary, a maximum security institution, to the Maryland House of Correction, a medium security institution, repeatedly sought a further transfer to a prison camp or to a minimum security institution. After being denied such requested further transfer because of his long-term sentence, the nature of the offense for which Jones had been convicted and confined, and also because his eligibility for parole was far off,[1] Jones at his own request was transferred back to the Maryland Penitentiary in November 1974, in view of the extent of Jones' unhappiness at being in the Maryland House of Correction and his stated preference to be confined in the Maryland Penitentiary rather than in the former institution. Jones, in support of his within complaint, has submitted the names of six persons also serving life sentences who Jones states have lesser educational and other attributes than he has. Jones apparently contends that those persons have been given, without reason, treatment more favorable than he has received. Jones seemingly would like this Court to examine and compare his file with those of other inmates. That this Court will not do.

Joseph B. X. Jones, pro se.

Francis B. Burch, Atty. Gen. of Md., Henry J. Frankel, Asst. Atty. Gen. of Md., Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge.

Jones, proceeding *pro se,* presently serving a sentence of life plus twenty years for murder and armed robbery,

1. That determination was also seemingly made in the light of available psychological data relating to Jones and the latter's institutional behavior pattern. Nothing negative as to the latter, however, is indicated by the record in this case. Jones himself contends, in a document filed in this case on July 9, 1975, at p. 3 thereof, that "[a]s a practicing son of the Principals of 'Islam,' * * * "he has become "a 'model' prisoner after five years * * * ".

352

This Court does not have the authority or jurisdiction to act as a prison review agency. While the Court does have the jurisdiction and duty under 28 U.S.C. § 1343 to redress constitutional deprivations, *Landman v. Royster,* [333 F.Supp. 621 (E.D.Va. 1971)] * * *, it is without power to exercise its authority thereunder absent a showing of deprivation of constitutional magnitude. *See McCloskey v. Maryland,* 337 F.2d 72 (4th Cir. 1964). Except upon showing of said deprivation, the Court cannot undertake to review routine administrative decisions.

*Ferrell v. Huffman,* 350 F.Supp. 164, 165–66 (E.D.Va.1972) (Merhige, J.).[2]

■■ There is no showing that any determination as to which Jones complains was arbitrary or capricious, or designed in any way to punish Jones without affording to him fair procedural and substantive opportunities to present his side of the case. Rather, Jones' request would appear to have been rationally handled. The fact that an inmate such as Jones disagrees with a particular administrative prison determination does not render that determination a violation of the inmate's constitutional rights. It follows that Jones' within complaint must be dismissed. An appropriate Order will accordingly be entered.

---

**2.** * * * This Court has no jurisdiction to oversee, audit, regulate or direct the prison authorities in matters of administration. * * *

*Thogmartin v. Moseley,* 313 F.Supp. 158, 160 (D.Kan.1969), *aff'd,* 430 F.2d 1178 (10th Cir. 1970), *cert. denied,* 400 U.S. 910, 91 S.Ct. 155, 27 L.Ed.2d 150 (1970).