**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**AUG 19 1999**

**PATRICK FISHER**
**Clerk**

RAYMOND C. MILENTZ,

      Petitioner-Appellant,

v.

PAGE TRUE, Warden,

      Respondent-Appellee.

No. 99-3108
(D.C. No. 97-CIV-3328-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Pro se petitioner-appellant Raymond C. Milentz is a federal inmate

currently incarcerated at the United States Penitentiary at Leavenworth, Kansas,

where he is serving a life sentence for kidnaping, in violation of 18 U.S.C.

§ 1201. Milentz appeals from the district court's denial of habeas relief asserted

pursuant to 28 U.S.C. § 2241. Milentz contends that he was erroneously denied

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jail time credit against his federal sentence for time served while in state custody. Having reviewed Milentz's arguments and the record, we affirm the district court's denial of habeas relief.

## BACKGROUND

On November 21, 1974, Milentz escaped from the Missouri State Penitentiary, where he had been serving a five year sentence on charges of striking a police officer. During his escape, Milentz was involved in an automobile crash that killed two people. He was apprehended and returned to the custody of the Missouri State Penitentiary, and on June 10, 1975, was sentenced to consecutive terms of 25 and 30 years' imprisonment on two convictions for second degree murder, plus an additional consecutive term of five years' imprisonment for the escape.

On December 20, 1977, Milentz and another prisoner again escaped from custody, this time kidnaping two corrections officers and commandeering a vehicle being used to transport the prisoners. Milentz and his fellow prisoner drove some three hundred miles across state lines into Illinois where they were eventually apprehended after their vehicle struck another car, killing its driver. As a result, on December 21, 1977, Milentz was taken into federal custody on kidnaping charges, for which he was later convicted. On March 14, 1978, he was

sentenced in the federal court to a term of life imprisonment, to run consecutively to the sentences previously imposed in Missouri.[1]

On March 16, 1978, Milentz was turned over to state authorities in Illinois for prosecution under a writ of habeas corpus ad prosequendum. Milentz's Prior Custody, Detention and Disposition record reflects that following prosecution in Illinois, Milentz was to be delivered to the State of Missouri. Accordingly, on April 21, 1978, he was returned to the Missouri Department of Corrections to resume serving his sentences in that state. On June 30, 1995, he was paroled and was transferred to federal custody to commence service on his federal life sentence.

Milentz received jail time credit on his federal sentence for the period he was in federal custody for prosecution on the kidnaping charge, i.e., from December 21, 1977 to March 16, 1978. On July 23, 1997, Milentz filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, contending that he was entitled to credit toward his federal sentence for the period between December 21, 1977 (the date he was taken into federal custody) and June 29, 1995 (the last day

---

[1]The sentencing order provides:
> The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of life, to run consecutively with sentences previously imposed in Missouri. This sentence to begin at expiration of sentences imposed in Missouri.

(Doc. 6, Ex. 6.)

he served in Missouri prior to being released on parole).  On January 25, 1999,

the district court denied habeas relief; Milentz now appeals.

## DISCUSSION

Because Milentz' offense occurred on December 20, 1977, the issue of jail

time credit is governed by 18 U.S.C. § 3568.[2]   That statute provided in relevant

part:

> **Effective date of sentence; credit for time in custody prior to the imposition of sentence**
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.  The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

We agree with the district court that the sentencing court's order

unequivocally stated that Milentz's federal sentence was to be served

consecutively to the Missouri sentences, and that the sentencing court was

authorized to order the federal sentence to run consecutive to his state sentences.

See Werntz v. Looney, 208 F.2d 102, 103 (10th Cir. 1953).  We further agree that

under § 3568, Milentz's federal sentence did not commence until he was received

---

[2]18 U.S.C. § 3568 was repealed and replaced by 18 U.S.C. § 3585 (effective November 1, 1987).  Section 3568 is applicable to offenses committed prior to November 1, 1987.

by the U.S. Marshals Service on June 30, 1995.[3]   Because Milentz has not shown

that his time served while in state custody was "in connection with the offense or

acts for which [his federal] sentence was imposed," see 18 U.S.C. § 3568, Milentz

is not entitled to credit against his federal sentence for time served on his

unrelated state sentences.  Milentz is not entitled to habeas relief.  AFFIRMED.

---

[3]Milentz contends that his federal sentence continued to run while he was in the custody of Illinois and Missouri authorities because he was "on loan" from federal authorities under a writ of habeas corpus ad prosequendum when he was transferred in March 1978.  However, we agree with the district court that the record does not reveal any intention by federal authorities to have Milentz returned to federal custody following state court proceedings in Illinois.   The actual writ of habeas corpus ad prosequendum issued in response to the State of Illinois' application does not mandate that Milentz be returned to federal custody; more importantly, the federal sentencing court's order unequivocally reflects the court's intention that Milentz complete his Missouri sentences prior to commencing his federal life sentence.

We conclude that when Milentz was transferred to the custody of Illinois state authorities, he was not "on loan" from the federal authorities.  The federal government had two claims to the custody of Milentz.   The first was Milentz's pretrial custody; that is, the time from when he was arrested until he was prosecuted, convicted, and sentenced for the federal kidnaping charge.  The second was for purposes of serving his federal sentence.   As noted above, under the terms of his federal sentencing order, Milentz's federal sentence custody did not commence until he completed his Missouri sentences and was released to federal authorities at Leavenworth.   Thus, after Milentz was convicted on the federal kidnaping charge, but prior to the commencement of his federal sentence, Milentz was not under federal custody, and therefore was not "on loan" from federal authorities; rather, custody of Milentz was transferred to Illinois. Likewise, once Illinois state proceedings were completed, Illinois transferred (not loaned) custody of Milentz to Missouri; and ultimately Missouri transferred (not loaned) custody of Milentz to the federal authorities.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge