**UNITED STATES of America ex rel. John Amos JENNINGS, Appellant,**

v.

**STATE OF PENNSYLVANIA.**

**No. 18169.**

United States Court of Appeals, Third Circuit.

Submitted June 1, 1970.

Decided July 24, 1970.

John Amos Jennings, pro se.

William C. Gumble, Dist. Atty., Milford, Pa., for appellee.

Before FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from a judgment of the New Jersey district court dismissing for lack of jurisdiction appellant's pro se habeas corpus petition in which the State of Pennsylvania is named as respondent.

Appellant's petition fairly shows the following facts. Appellant is in a New Jersey prison serving a 7 to 20 year term imposed by a New Jersey state court. That sentence is not attacked. Shortly after he commenced serving this sentence in 1963, appellant learned that the district attorney of Pike County, Pennsylvania, had lodged a detainer against him. The detainer recited that there was an outstanding warrant in Pike County, Pennsylvania, charging him with armed robbery and carrying a concealed weapon. Appellant almost im-

mediately sought to be brought to trial on the Pennsylvania charges by invoking the procedures of the Pennsylvania Interstate Agreement on Detainers.[1]

It appears on this record that appellant made innumerable efforts over several years to have the Pike County prosecutor discharge his obligation under the statute. Indeed, appellant's efforts to obtain relief from the Pennsylvania authorities generally constitute a sorry narrative of official inaction or indifference. This is so whether the matter be considered from the perspective of appellant's constitutional right to a speedy trial or from the viewpoint of the rights afforded him under the provisions of Pennsylvania's Interstate Agreement on Detainers Act. Neither the prior district attorney of Pike County, Pennsylvania—Robert J. Kayton—nor the present one—William C. Gumble— though repeatedly advised of these proceedings has entered an appearance or filed a brief. Nor has the Pike County District Attorney come forward with any explanation of this shocking dereliction of prosecutorial duty, to say nothing of the lack of courtesy to this court.

The sentiments we have expressed are evidenced in a more restrained way in the language of the opinion of the district court. However, the district court ruled that it lacked jurisdiction to grant any habeas corpus relief because the only respondent, the State of Pennsylvania, was not "present" in the district. Since appellant did not name his prison custodian as respondent, although he was within the jurisdiction of the New Jersey district court, and since 28 U.S.C.A. § 2243 provides that the rule to show cause why a writ should not issue is to be "directed to the person having custody of the person detained," we agree that no remedy could have been granted as the matter stood.

On this record, therefore, we could affirm the action of the district court. But the facts here alleged concerning the deprivation of the right to a speedy trial, if true, cry out for something more from a concerned judiciary. This is particularly so because of our view that, despite a contrary implication in the district court opinion, had appellant's New Jersey custodian been made a respondent, the New Jersey district court would have had jurisdiction to issue an order to his custodian directing that appellant not be held subject to the detainer.[2] We say this because there then would have been compliance with the prerequisites to the exercise of habeas corpus jurisdiction, viz., the prisoner physically present in the district when the petition or the writ was filed and the custodian joined and served.[3]

In the foregoing circumstances we think the proper administration of justice in this pro se matter dictates that the judgment of the district court be vacated and the matter remanded to that court to afford the appellant a reasonable opportunity to amend his complaint by naming his prison custodian as a defendant and making service on him.[4] Thereafter, if the district court finds that the appellant has reasonably exhausted his Pennsylvania state remedies —as the present record seems to indicate—and if it finds that the detainer is premised on Pennsylvania charges which may not be constitutionally pursued for failure to afford appellant a speedy trial, then it will be in a position

---

1. Pa.Stat.Ann. tit. 19 § 1431. New Jersey has the reciprocal statute. 2A N.J.Stat. Ann. § 159A–1.

2. See Word v. North Carolina, 406 F.2d 352, 357 n. 6 (4th Cir. 1969).

3. Compare United States ex rel. Van Scoten v. Commonwealth of Pennsylvania, 404 F.2d 767 (3d Cir. 1968).

4. Appellant should also be given an opportunity to amend his petition, if he desires,

to attack the constitutionality of any consequences which New Jersey imposes solely because of the existence of the detainer. See Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). Of course, if he asserts such an additional claim, that matter must be held in abeyance pending exhaustion of his rights in the New Jersey courts. Nelson v. George, *supra.*

to grant appropriate relief with respect to the detainer. See Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

The judgment of the district court will be vacated and the matter remanded for proceedings consistent with this opinion. We commend to the district court the desirability of appointing counsel for the appellant.