Sandra ROBINSON

v.

Phillip B. ROBINSON.

Civ. A. No. 81–1839.

United States District Court,
E. D. Pennsylvania.

Aug. 3, 1981.

Steven M. Kramer, Philadelphia, Pa., for plaintiff.

Jerome Lipman, Philadelphia, Pa., for defendant.

CAHN, District Judge.

Plaintiff in this diversity action, Sandra Robinson, brings suit against her ex-husband, defendant Phillip B. Robinson. Plaintiff's Complaint contains eight counts, among them charges of theft, burglary, breach of contract, breach of fiduciary duty, fraud, deceit, extortion, and intentional infliction of emotional distress. At issue here is defendant's Motion to Stay or Abate this Court's proceedings or to dismiss plaintiff's Complaint. For the reasons stated herein, I will grant defendant's Motion to Dismiss Counts II, III, and so much of Count IV as does not deal with extortion ("the contract claims"), and will deny defendant's motion as to all other claims ("the tort claims").

## I. FACTS

Phillip and Sandra Robinson were married on October 19, 1958. On July 7, 1977, they entered into a "Settlement Agreement" in which they declared that they intended to separate. The Settlement Agreement also provided for marital property distribution, settlement of claims, and Mrs. Robinson's support. The Settlement Agreement stated that the couple's three children were living with Mr. Robinson, but did not determine which parent would receive permanent custody.

On November 14, 1977, Phillip and Sandra Robinson were divorced by the Superior Court of New Jersey, Chancery Division. The divorce decree explicitly incorporated the Settlement Agreement into the judgment, but the court noted that it had not decided the fairness or equitableness of that Agreement. Order of November 14, 1977, *Robinson v. Robinson*, Docket No. M–3195–77 (N.J.Super.Ch.Div.).

From then on, plaintiff alleges that defendant harassed her with phone calls, assaulted her, raped her twice, burglarized her apartment, and unlawfully appropriated her funds. Plaintiff also alleges that defendant did not fully and fairly disclose his true financial position to her prior to negotiating the Settlement Agreement. She charges that this conduct amounted to breach of contract, breach of fiduciary duty, fraud, and deceit. Counts II, III, and part of IV cover these contract claims, while the tort claims ask for damages for theft, burglary, and intentional infliction of emotional distress.

## II. DISCUSSION

### A. THE DOMESTIC RELATIONS ABSTENTION DOCTRINE.

Traditionally, the federal courts have chosen not to adjudicate cases involving domestic relations. These cases are dismissed for lack of subject matter jurisdiction. *Solomon v. Solomon*, 516 F.2d 1018 (3d Cir. 1975). This doctrine is not premised on explicit statutory language limiting the jurisdictional authority of federal courts, but has been judicially created, *id.* at 1021, through dicta in a series of decisions of the United States Supreme Court. *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930); *De La Rama v. De La Rama*, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765 (1906); *Simms v. Simms*, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115 (1899); *In re Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *Barber v. Barber*, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859). This doctrine has often been criticized, *Spindel v. Spindel*, 283 F.Supp. 797 (E.D.N.Y.1968); *see also Solomon v. Solomon*, 516 F.2d 1018 (3d Cir. 1975) (Gibbons, J., dissenting); *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509 (2d Cir. 1973).

However, abstention in cases involving domestic relations is clearly the law of the Third Circuit. *Solomon v. Solomon*, 516 F.2d 1018 (3d Cir. 1975); *Magaziner v. Montemuro*, 468 F.2d 782 (3d Cir. 1972).

 The facts of the present case suggest that it would be appropriate to invoke the domestic relations Abstention doctrine as to the contract claims here. While plaintiff's attorney argues that this action merely requests reformation of a simple contract, a marital settlement agreement is not a simple contract. *Rogers v. Rogers*, No. 78 Civ. 826–CSH (S.D.N.Y. May 19, 1978).

"[W]hile the disposition of the claim may not require application of domestic relations expertise, the fact that such adjudication will significantly alter marital rights and duties decreed by the state is sufficient to bring the case within the matrimonial exception. Even if the case is not conceived as falling directly into that exception, it is at the very least, on its periphery, which is an equally forbidden region for the federal courts, *Phillips, Nizer, et al., supra*, at 516." *Id.*

The reasoning of the *Rogers* court applies with equal force here.

 As a matter of policy and comity, local problems of a domestic nature should be decided in state courts.

"Domestic relations is a field peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts." *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972), *citing Buechold v. Ortiz*, 401 F.2d 371, 373 (9th Cir. 1968). Federal courts, and especially the courts of this Circuit, "have steered a course away from domestic relations cases." *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972). Abstention is especially appropriate on the contract claims here because there is litigation pending in the state court system of New Jersey on identical issues at *Robinson v. Robinson*, Docket No. M–21218–80, N.J.Super.

Plaintiff argues that *Carr v. Wisecup*, 263 F.2d 157 (3d Cir. 1959), is controlling in the present case. *Carr v. Wisecup*, however, is distinguishable. The Settlement Agreement there was invalidated by the Court of Appeals for the Third Circuit because the wife had committed bigamy. This type of attack on the validity of the underlying marriage is not present in the instant case. *Solomon v. Solomon*, 516 F.2d 1018 (3d Cir. 1975), although tangentially involving issues of child custody, is more analogous to the facts of the present case. In *Solomon*, the Court of Appeals held that federal courts do not have jurisdiction in domestic relations suits except where necessary to effectuate prior state court judgments involving the same matters. *Solomon v. Solomon* therefore narrowed the holding of *Carr v. Wisecup*.

*Rogers v. Rogers*, No. 78 Civ. 826–CSH (S.D.N.Y. May 19, 1978), presents issues similar to the case at bar.

In *Rogers*, the plaintiff husband sued in New York federal court for reformation of a separation agreement that had been incorporated into a Connecticut divorce decree. Interpretation of that agreement had already been litigated in the Vermont state courts before plaintiff brought suit in New York to reform the contract. The court in *Rogers* noted that plaintiff might not be entitled to relief under New York law, but declared:

"Whatever may be the power of our state courts to grant the particular relief which plaintiff seeks, it is clear that the federal court should refrain from entering this marital fray. It is a time-honored rule that our national courts decline jurisdiction over suits involving domestic relations either directly or indirectly. . . ." No. 78 Civ. 826–CSH (S.D.N.Y. May 19, 1978).

### B. COLLATERAL ATTACK

 Alternatively, plaintiff is precluded under the full faith and credit clause from bringing the breach of contract allegations in federal court, as such a suit would constitute impairment of the New Jersey divorce judgment. The federal courts have recognized that the question of merger of the settlement agreement and the state judg-

ment depends upon state law. *Finkbiner v. Finkbiner*, 340 F.2d 878 (10th Cir. 1965); *Hood v. Hood*, 335 F.2d 585 (10th Cir. 1964); *Schoonover v. Schoonover*, 172 F.2d 526 (10th Cir. 1949).

 Under New Jersey law, a settlement or separation agreement is merged into the ensuing divorce decree, thereby losing its contractual nature. *Lepis v. Lepis*, 83 N.J. 139, 146, 416 A.2d 45 (1980); *Smith v. Smith*, 72 N.J. 350, 371 A.2d 1 (1977). Therefore, I hold that this settlement agreement was merged into the New Jersey judgment in divorce.

Federal case law makes it clear that "... a court's order or judgment is immune from collateral attack if the court had jurisdiction of the parties and of the subject matter, and had jurisdiction to enter the particular order entered." *Todd v. Garrison*, 417 F.Supp. 97, 101 (E.D.Mo.1976) ("... the question concerning the unconscionability of the Separation Agreement would not go to the question of jurisdiction"). Further, while a federal court sitting in a diversity case may, under certain circumstances, enjoin the enforcement of a state court judgment obtained by fraud, it has no power to vacate, annul or set aside a state court judgment, even if obtained by fraud, where the state court has jurisdiction of the parties and the subject matter of the action, and the state provides a remedy for the aggrieved party. *Manary v. Manary*, 151 F.Supp. 446 (N.D.Cal.1957).

The facts of this case make it clear that I cannot modify the New Jersey divorce decree without impinging on the jurisdiction of the New Jersey courts. Consideration of the breach of contract claims would amount to collateral attack on the New Jersey judgment. If the plaintiff wishes to assert allegations of breach of contract, breach of fiduciary duty, and fraud, she must do so in the New Jersey state courts.

### C. *SERVICE OF PROCESS*

Defendant also attacks service of process in this case as improper. I need not reach this problem. Return of service was filed with the Court on July 15, 1981, and thus the notice requirement for proper service of process is satisfied. Because I will dismiss the contract claims of Counts II, III and parts of Count IV, I need not reach the issue of requisite contacts with the forum state. The facts underlying the tort claims are all alleged to have occurred within the State of Pennsylvania. Thus, minimum contacts on the tort claims are clearly satisfied to permit long-arm jurisdiction over the defendant.

The following Order will be entered today:

### ORDER

AND NOW, this 3rd day of August, 1981, IT IS ORDERED that:

1. Counts II, III, and part of Count IV of the first amended complaint are DISMISSED for lack of subject matter jurisdiction in accordance with the reasoning set forth in the foregoing opinion.

2. Defendant's motion to dismiss is DENIED as to the remaining counts and that part of Count IV which deals with extortion.