**Dino G. FUSARO, Plaintiff,**

v.

**Marisa FUSARO, Defendant.**

**Civ. A. No. 82–2663.**

United States District Court,
E.D. Pennsylvania.

Nov. 15, 1982.

---

Rudolph J. DiMassa, Philadelphia, Pa., for plaintiff.

Lynne Z. Gold-Bikin, Norristown, Pa., for defendant.

## OPINION

DITTER, District Judge.

In this diversity action for breach of contract and fraud arising from a post-nuptial settlement agreement, defendant, the ex-wife of plaintiff, alleges the court has no subject matter jurisdiction and moves to dismiss. Fed.R.Civ.P. 12(b)(1) (1982). Because I will grant defendant's motion based on the domestic relations exception to federal court jurisdiction, I will not address defendant's alternative argument that plaintiff's state of citizenship is the same as hers. A detailed recitation of the relationship of the parties follows.

The parties were married on September 26, 1959, and divorced in July, 1979. No children were born of the marriage. On May 4, 1979, Mr. and Mrs. Fusaro entered into an agreement providing for, *inter alia,* Mrs. Fusaro to take title to the house and furnishings located in Rydal, Pennsylvania, Mr. Fusaro to take title to real property located in New Mexico, and payment of monies by Mr. Fusaro to Mrs. Fusaro. To guarantee payment of the monies, the agreement required Mr. Fusaro and his attorney, Rudolph J. DiMassa, Esquire, as co-maker, to execute promissory notes naming Mrs. Fusaro as payee and containing a warrant for confession of judgment. In return, Mrs. Fusaro was required to cause certain judgments obtained in state suits to be marked satisfied and to have a bench warrant in another state action withdrawn. Finally, Mrs. Fusaro was required to request that the court which had jurisdiction over the divorce action incorporate by reference, though not merge, the settlement agreement into the divorce decree.

Claiming that Mrs. Fusaro's action with respect to the state court judgments and the bench warrant were conditions precedent to his having to pay any monies pursuant to the agreement, and fraud or mutual mistake regarding the value of the New Mexico property, Mr. Fusaro filed this civil action sounding in breach of contract and fraud seeking injunctive relief and money damages. Specifically, Mr. Fusaro claims he is entitled to $40,000., representing one-half the value of the Pennsylvania house and furnishings;[1] $20,000. that he allegedly

---

1. Mr. Fusaro claims that either by mutual mistake of the parties or fraud by Mrs. Fusaro and her attorney, the New Mexico property was estimated to be of equal or greater value than

gave Mrs. Fusaro prior to the property settlement agreement to purchase securities for him; $7000. allegedly withdrawn by Mrs. Fusaro from a joint bank account; and $6000. in unauthorized credit card charges.[2] He also seeks a court order directing Mrs. Fusaro to comply with the agreement by causing the aforementioned state judgments to be marked satisfied and the bench warrant withdrawn. Mrs. Fusaro contends that because the suit is rooted in a battle regarding the division of marital property, which is the subject of several state proceedings, the court should invoke the domestic relations exception and dismiss the action for lack of subject matter jurisdiction.[3]

In *Solomon v. Solomon,* 516 F.2d 1018 (3d Cir.1975), the United States Court of Appeals for the Third Circuit expressly adopted the domestic relations exception to federal court jurisdiction. Summarizing relevant Supreme Court authority, Judge Van Dusen, speaking for the court, announced that "federal courts do not have jurisdiction in domestic relations suits *except* where necessary to the effectuation of prior state court judgments involving the same matters." *Id.* at 1024 (emphasis in original). In an attempt to define what matters were included within the exception, the court explained that a divorce decree *without more* did not remove a case from the domestic relations arena. *Id.* The court further stated,

we do not mean to suggest that a separation agreement may never be litigated in the federal courts by parties between whom there is diversity of citizenship. In a different case, in which the custody of no child was involved, in which there was neither pending state court action nor an agreement to litigate in the state courts, and in which there was no threat that a

feuding couple would play one court system off against the other, we might well assume jurisdiction.

*Id.* at 1025. Noticeably absent from *Solomon,* however, was a bright line test as to the circumstances under which a case should be considered a domestic relations matter.

In *Allen v. Allen,* 518 F.Supp. 1234 (E.D. Pa.1981), then District Judge Becker clarified when a federal court should exercise jurisdiction over domestic relations matters. Examining *Solomon* and its progeny, Judge Becker, although not purporting to establish a firm rule defining the contours of domestic relations matters, noted that where none of the dangers cited in *Solomon* were present, and all that was involved was a dispute over property where a money judgment was sought, federal courts would exercise jurisdiction over the action. *Allen, supra,* 518 F.Supp. at 1237. See also *Zimmermann v. Zimmermann,* 395 F.Supp. 719, 721 (E.D.Pa.1975).

Finally, in *Robinson v. Robinson,* 523 F.Supp. 96 (E.D.Pa.1981), Judge Cahn applied the domestic relations exception in part in a factual setting involving a property distribution agreement between parties who were divorced in 1977.[4] Quoting the definition of domestic relations matter from *Rogers v. Rogers,* No. 78 Civ. 826–CSH (S.D.N.Y. May 19, 1978), Judge Cahn stated,

[W]hile the disposition of the claim may not require application of domestic relations expertise, the fact that such adjudication will significantly alter marital rights and duties decreed by the state is sufficient to bring the case within the matrimonial exception. Even if the case is not conceived as falling directly into that exception, it is at the very least, on its periphery, which is an equally forbidden region for the federal courts.

the Pennsylvania property. Because the Pennsylvania property is valued at $80,000. and the New Mexico property is worthless, Mr. Fusaro claims entitlement to $40,000., one-half the value of the Pennsylvania property.

**2.** Mr. Fusaro also demands return of the credit cards.

**3.** Mrs. Fusaro also contends the court lacks subject matter jurisdiction because she and her ex-husband are citizens of Pennsylvania.

**4.** Judge Cahn dismissed plaintiff's claims sounding in contract, fraud, deceit, and breach of fiduciary duty.

*Robinson v. Robinson, supra,* 523 F.Supp. at 98, quoting *Rogers v. Rogers,* supra, citing *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509, 516 (2d Cir.1973).

■ By examining the facts here, I must determine whether this action involves domestic relations matters. First, this case involves a dispute as to a post-nuptial agreement which purported to determine the rights and obligations to marital property upon separation and resolve other lawsuits between the parties. Second, by way of this action, Mr. Fusaro seeks to alter in part the determination of rights to marital property set forth in the agreement. "While it is true that the action[ ] as pled sound[s] in contract and fraud, it is nonetheless plain that ... the action[ ] must be interpreted against the background of extreme acrimony emanating from the parties' marital dispute and extreme infighting over their property rights." *Allen v. Allen, supra,* 518 F.Supp. at 1237. Therefore, I conclude that this matter is properly denominated a domestic relations case.

■ Turning to the domestic relations exception to federal court jurisdiction, it is clear that two of the factors articulated in *Solomon* are present here. First, parts of the agreement, as well as the exact claims asserted by Mr. Fusaro in this action regarding the agreement and other marital property, are being litigated in state lawsuits. Specifically, in the Court of Common Pleas of Montgomery County Nos. 81–12631 and 82–12555, Mrs. Fusaro seeks from Mr. Fusaro and Mr. DiMassa all the monies promised her in the agreement.[5] In the Court of Common Pleas of Philadelphia County, May Term 1982, No. 6350, Mrs. Fusaro filed a complaint in confession of judgment against Mr. Fusaro and Mr. DiMassa as to two of three $6000. promissory notes executed in conjunction with the property settlement agreement. In at least two of the above suits, pleadings have been filed by either Mr. Fusaro, Mr. DiMassa, or both, nearly identical to the complaint filed in this action.[6] The fact that Mr. Fusaro's allegations are being used as a shield in the state courts and a sword in this court is a distinction without difference. The end result is the same: several courts adjudicating identical claims. Second, because there are pending state suits regarding the same claims, "this is precisely the type of case *Solomon* warned against, in which the parties are attempting to play one court system off against the other." *Allen v. Allen, supra.* The timing of the filings in the various cases proves this contention. The allegations at issue here first were filed by either Mr. Fusaro or Mr. DiMassa in the Court of Common Pleas of Montgomery County on June 8, 1982, in response to Mrs. Fusaro's complaint in 81–12631. The second time was in the Court of Common Pleas for Philadelphia County on June 10, 1982, in response to Mrs. Fusaro's complaint in confession of judgment. Finally, Mr. Fusaro filed the complaint in this matter on June 18, 1982. The chronology of the filings in the various courts make it apparent that fearing the consequences of the suits by his ex-wife in state court, Mr. Fusaro filed the complaint in this matter.

**5.** The procedural history of these cases lends some explanation as to why two identical cases are pending in Montgomery County. Number 81–12631 was filed naming Mr. Fusaro and Mr. DiMassa as defendants. Because Mrs. Fusaro alleged in the complaint that Mr. Fusaro resided in Venezuela, Mr. Fusaro filed preliminary objections raising the issue of the court's jurisdiction. The court sustained Mr. Fusaro's preliminary objections and dismissed him from the case. Number 82–12555 was filed naming Mr. Fusaro as a defendant and alleging his residence to be Philadelphia, Pennsylvania.

**6.** The following pleadings are essentially identical to the complaint in this matter:

1. Mr. DiMassa's answer to the complaint in No. 81–12631, Court of Common Pleas, Montgomery County.

2. Mr. Fusaro's and Mr. DiMassa's petition to open and/or strike the judgment in No. 6350, Court of Common Pleas, Philadelphia County, May Term, 1982.

Although the record is devoid of evidence as to any pleadings filed by Mr. Fusaro in No. 82–12555, Court of Common Pleas, Montgomery County, because the subject matter of that suit is identical to the other two state suits, it is likely Mr. Fusaro's position on the merits in No. 82–12555 will be the same as asserted in the other actions.

In view of the fact that this is a domestic relations matter, that Mr. Fusaro is not seeking to effectuate a state judgment, and that two of the dangers noted in *Solomon* are present, I must dismiss this case because it falls within the domestic relations exception to federal court jurisdiction. *Solomon v. Solomon, supra; Allen v. Allen, supra.*