Kathleen A. Riley CONNELL

v.

Frederick C. CONNELL.

Civ. A. No. 83–1573.

United States District Court,
E.D. Pennsylvania.

May 13, 1983.

Kathleen A. Riley Connell, pro se.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On April 4, 1983, plaintiff Kathleen A. Riley Connell instituted this action, alleging that actions of the Delaware County court in her divorce proceeding violated her Constitutional right to due process. Plaintiff alleges that although she paid all of her attorney's bills, the state court allowed the attorney to withdraw from the case, and further alleges that she "has never received a satisfaction [notice] of any Master's hear-ing and to date has never received a copy of the Master's report." Although plaintiff does not specify the relief she seeks, in paragraph seven of her complaint she states that the "divorce order which was signed on December 22, 1980 is invalid due to not being notified of Master's Hearing and not receiving a copy of Master's Report so she could properly protest the Master's Report and obtain Legal Counsel to replace her withdrawn Attorney." Thus it appears that plaintiff seeks an Order from this Court declaring the invalidity of the order issued in the state proceeding on December 22, 1980, and requiring the master to forward a copy of his report.

No response has been filed to the complaint by the defendant, presumably plaintiff's ex-husband, who is neither identified in the complaint nor alleged to have done anything or failed to do anything which would constitute a violation of plaintiff's civil rights. However, since it is obvious from the face of plaintiff's complaint that this Court lacks subject-matter jurisdiction over this action, the Court, consistently with its obligation to consider the question of its jurisdiction at any stage of the proceedings, even though the question may not have been raised by the parties, *Chicago, Burlington & Quincy Railway Co. v. Willard*, 220 U.S. 413, 419–20, 31 S.Ct. 460, 462, 55 L.Ed. 521 (1911), will order dismissal of the complaint.

Plaintiff asks us, in effect, to vacate the Delaware County Court's Order of December 22, 1980, and to direct its Master to file a report, because of alleged Constitutional deficiencies in the state proceedings. Plaintiff has made no allegation that these requests have been made to and denied by the state court; nor has she alleged that her Constitutional claims cannot be adequately and fairly presented to the state court. As the Third Circuit has recently noted, we cannot assume that the state court, bound as we are to follow the federal Constitution, will prevent plaintiff from raising these claims. *Coruzzi v. State of New Jersey*, 705

F.2d 688 at 691 (1983). More fundamentally, this Court has no jurisdiction to review the decision of the Delaware County court in plaintiff's case, even if our jurisdiction is invoked by a claim that the state court's actions were unconstitutional. As the Supreme Court has recently held, United States District Courts have no jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court. 28 U.S.C. § 1257." *District of Columbia Court of Appeals v. Feldman,* —— U.S. —— at ——, 103 S.Ct. 1303 at 1317, 75 L.Ed.2d 206 (1983). State divorce proceedings of the type which form the basis of the claim here are judicial proceedings as discussed in *Feldman,* that is, proceedings in which the court is "called upon to investigate, declare, and enforce "liabilities as they [stand] on present or past facts and under laws supposed already to exist." slip op. at 17 (quoting *Prentis v. Atlantic Coast Line,* 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908)). Moreover, plaintiff has made no general challenge to the constitutionality of Pennsylvania divorce procedures; she has alleged only unconstitutional action in her particular case. Under *Feldman,* we are thus required to dismiss her complaint for want of subject-matter jurisdiction.

In addition, plaintiff asks us to render a decision which would alter the rights and duties of the parties in a domestic relations proceeding, a request in itself outside our jurisdiction to entertain. Federal courts "do not have jurisdiction in domestic relations suits *except* where necessary to the effectuation of prior state judgments involving the same matters or where jurisdiction lies by dint of the participation and review of territorial courts." *Solomon v. Solomon,* 516 F.2d 1018, 1024 (3d Cir.1975) (emphasis in original, footnotes omitted); *See Stevens v. Sley,* 407 F.Supp. 140 (E.D. Pa.1976). Plaintiff here seeks to overturn, not to effectuate, a state judgment. The *Solomon* court warned against such attempts to disrupt state court litigation and

to "play one court system off against the other." 516 F.2d at 1025. Circumstances such as that of the present case offer the strongest justification for the domestic relations exception to our jurisdiction. *See Fusaro v. Fusaro,* 550 F.Supp. 1260 (E.D.Pa. 1982).

For all of the above reasons, an order will be entered dismissing the complaint.