**Stephen MOKONE, Appellant,**

v.

**Peter FENTON, Warden, Rahway State Prison; James R. Zazzalli, Attorney General of N.J.; Christopher Dietz, Chairman, N.J. Parole Board, Appellees.**

No. 82–5492.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit 12(6) Feb. 28, 1983.

Decided June 30, 1983.

As Amended July 8 and July 20, 1983.

Thomas S. Higgins, First Asst. Federal Public Defender, Newark, N.J., for appellant.

Irwin I. Kimmelman, Atty. Gen. of N.J., Deborah T. Poritz, Lyle P. Hough, Jr., Deputy Attys. Gen., Trenton, N.J., for appellees.

Before ALDISERT,* WEIS and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Appellant Stephen Mokone is currently serving an eight- to twelve-year sentence at Rahway, New Jersey State Prison. At the conclusion of his New Jersey incarceration, Mokone is scheduled to serve time in New York state for a New York conviction. This is an appeal from a district court's dismissal without prejudice of Mokone's attempt to invalidate his New York State conviction on the ground that it was allegedly obtained in violation of the Interstate Agreement on Detainers ("IAD").[1] The appeal presents two questions. First, can such a challenge be brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Supp. V 1981), or must it be a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 (1976)? Second, if the challenge is necessarily a habeas action, must a petitioner exhaust the remedies of the custodial state or those of the state issuing the judgment of conviction?

We conclude that when a challenge is made under the IAD to an out-of-state conviction for which a sentence is to be served in the future, a habeas corpus petition is the appropriate vehicle and that remedies must be exhausted in the courts of the state where the judgment issued. We therefore will affirm the judgment of the district court.[2]

---

* Judge Aldisert took no part in the opinion in this case due to illness.

1. New Jersey and New York are both parties to the IAD. N.J.Stat.Ann. §§ 2A:159A–1 to –15 (West 1971); N.Y.Crim.Proc.Law § 580.20 (McKinney 1971).

2. Because we are reviewing the district court's dismissal of the complaint, we assume that all well pled allegations are true.

## I.

In August 1978, while Mokone was in pretrial detention in Middlesex County, New Jersey Jail, New York City police lodged a detainer against him based upon a pending, unrelated New York state indictment charging him with assault in the first degree. Following his sentencing in New Jersey, Mokone sought disposition of the New York indictment and on January 20, 1979, he wrote to the District Attorney of New York County and the Clerk of the Supreme Court of New York County in order to request a speedy trial.[3]

In response to his letter-request, Mokone was transported to New York on March 20, 1979 and arraigned on May 24, 1979. In July 1979, not yet having been tried, Mokone wrote to the Governor of New Jersey to protest New York's alleged failure to provide him with a speedy trial.[4] Beginning in August 1979, Mokone also directed numerous motions and petitions to the New York courts. These filings, which were submitted both pro se and by counsel, sought dismissal of the indictment on the ground that Mokone had not been brought to trial within the 180-day period required by Article III of the IAD.[5] For reasons not clear from the record, Mokone's efforts were unsuccessful, and trial eventually commenced on March 25, 1980. On May 8, 1980, Mokone was found guilty of assault in the first degree, and in September 1980, he was sentenced to five to fifteen years in prison, to be served consecutively to his New Jersey sentence.[6] Shortly thereafter he returned to Rahway to complete his New Jersey term.

After his return, Mokone wrote to the New Jersey Department of Corrections and requested that the New York detainer be disregarded on the ground that the underlying conviction was invalid. The Bureau of

---

**3.** Article III of the IAD provides, in pertinent part:

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the State parole agency relating to the prisoner.
N.J.Stat.Ann. § 2A:159A–3(a) (West 1971); N.Y.Crim.Proc.Law § 580.20 (McKinney 1971).

**4.** This letter was referred to the Bureau of Interstate Services within the New Jersey Department of Corrections, which attempted to determine by letter to the District Attorney of New York County why Mokone's trial had not commenced. The Office of the District Attorney responded that the delay in bringing appellant to trial was "due to [appellant] and his attorney, or was otherwise excludable from the statutory period as 'necessary or reasonable' continuance for 'good cause.'"

**5.** Article V(c) of the IAD provides:

If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.
N.J.Stat.Ann. § 2A:159A–5(c) (West 1971); N.Y.Crim.Proc.Law § 580.20 (McKinney 1971).

**6.** On October 7, 1980, Mokone filed a notice of appeal from his judgment of conviction with the Appellate Division of the Supreme Court of the State of New York. This appeal was pending when the district court dismissed Mokone's federal complaint. We have not been advised of the current status of his New York appeal and assume that it is still pending.

Interstate Services of the New Jersey Department of Corrections responded that it lacked the authority to do so. Subsequently, the New Jersey Parole Board informed Mokone that his scheduled parole date was September 1, 1981 and that he would be sent to New York at that time. Although Mokone asked that he be paroled under New Jersey supervision, the Parole Board advised him that it lacked the authority to grant his request.[7]

Mokone then filed the instant action against the Warden of Rahway Prison, the New Jersey Attorney General, and the Chairman of the New Jersey Parole Board. The complaint principally alleged that Mokone's New York conviction was invalid because New York authorities had not brought him to trial within the time set forth in Article III of the IAD. Invoking both section 1983 and section 2254,[8] he requested that the district court (1) declare the New York detainer invalid; (2) enjoin New Jersey officials from extraditing him to New York upon his release from prison in New Jersey; and (3) enjoin appellees from using the New York detainer in order to cause him "harmful collateral consequences" during his confinement in New Jersey.

Appellees moved to dismiss the complaint. They contended that Mokone first was required to exhaust his New York state remedies because he essentially was challenging the validity of his New York conviction. They pointed out, however, that his appeal from his New York conviction was still pending. *See supra* note 6. Appellees also maintained that because Mokone's claim of "harmful collateral consequences" in New Jersey was premised solely on his contention that the New York conviction was invalid, the exhaustion requirement would also apply to this second claim.

Mokone opposed the motion to dismiss. He argued that he was not challenging his present confinement[9] and therefore contended that he should be allowed to proceed under section 1983. Mokone also maintained that section 1983 provides an appropriate avenue for the district court to consider the adverse effect the New York detainer was having upon his present custody. Alternatively, Mokone requested that if the district court were to grant the motion that it should nevertheless either do so without prejudice or retain jurisdiction so that he would be able to renew his claim in federal court once he had exhausted his state remedies.[10]

Relying upon our decision in *Grant v. Hogan,* 505 F.2d 1220 (3d Cir.1974), the district court dismissed the complaint without prejudice for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254. A timely appeal followed; we granted appellant's request for a certificate of probable cause, *see* Fed.R.App.P. 22(b), and appointed counsel to represent him.

---

**7.** Although Mokone appealed from the decision to honor the detainer, the Appellate Division of the New Jersey Superior Court, in an unreported decision, upheld the denial of minimum custody status. The New Jersey Supreme Court denied certification.

**8.** Mokone's pro se complaint stated that he sought relief pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. His supporting memorandum of law, however, stated that he was also "invok[ing] jurisdiction under ... 28 U.S.C. 2254." We therefore construe Mokone's complaint as requesting relief under both statutes. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

**9.** Mokone's September 1981 parole date arrived while this suit was pending in district court. Because the New York detainer was still outstanding, Mokone refused to sign the release certificate and his parole was suspended. Mokone has thus effectively extended his own term of incarceration in New Jersey while he challenges his New York state conviction.

**10.** Mokone also requested that the district court should excuse him from the exhaustion requirement if it were applicable. He argued that New York's remedies were ineffective to protect his rights because the New York courts had frustrated his attempt to perfect an appeal. Mokone has not advanced that claim in this Court.

## II.

Appellant's first contention on appeal is that the district court erred in not permitting him to maintain his suit pursuant to 42 U.S.C. § 1983. He points out that he does not question the legality or duration of his present confinement in New Jersey, but rather requests injunctive and declaratory relief from the effect of an allegedly invalid detainer.

■ Despite the fact that Mokone does not challenge his New Jersey incarceration, *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), requires that we construe Mokone's suit as a petition for a writ of habeas corpus. *Preiser* held that "when a state prisoner is challenging the very fact *or duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release *or a speedier release* from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841 (emphasis added). The Court in *Preiser* expressly noted that its holding extended to cases in which a prisoner is seeking future release. *Id.* at 487, 93 S.Ct. at 1835. Mokone's petition falls squarely within that holding. Mokone's claim that the New York detainer is invalid and his claim that he is entitled to an injunction against appellees' releasing him into New York's custody once he has served his New Jersey sentence are based on his contention that his New York conviction is invalid because his trial was not timely under Article III of the IAD. His suit is thus essentially one for release from future detention that will result solely from his New York conviction.[11] We therefore will affirm the district court's construction of appellant's challenge to the validity of the New York detainer as a petition for a writ of habeas corpus.[12]

## III.

■ The considerations of comity underlying the exhaustion requirement of the habeas corpus statute demand that state courts have the first opportunity to review the alleged constitutional error. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The question is whether the courts of New York or those of New Jersey should properly be afforded that opportunity here. While we have not previously answered this question in the context of a challenge to an out-of-state conviction, we have held that a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending. *See United States ex rel. Jennings v. Pennsylvania,* 429 F.2d 522, 523–24 (3d Cir.1970); *Grant v. Hogan,* 505 F.2d 1220, 1223 (3d Cir.1974); *accord Trigg v. Moseley,* 433 F.2d 364, 366 (10th Cir.1970); *Word v. North Carolina,* 406 F.2d 352, 356 (4th Cir.1969) (en banc). There are sound reasons to extend those holdings to an attack on a conviction.

First, the IAD provides that only a court of the state where the indictment is pending may grant any "necessary or reasonable continuance" from the time limits specified in the IAD.[13] Such a court also determines

---

**11.** That Mokone is challenging a second sentence to be served in another jurisdiction does not alter this conclusion. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 488–89, 498, 93 S.Ct. 1123, 1126–27, 1131, 35 L.Ed.2d 443 (1973).

**12.** As we have noted above, Mokone also seeks to enjoin appellees from utilizing the New York detainer to cause him "harmful collateral consequences" during his confinement in New Jersey. In particular, Mokone alleges that New Jersey officials refused him "minimum custody status" because of the New York detainer.

Whether this claim is cognizable as a civil rights action will turn upon whether the alleged effect of the New York detainer, of which Mok-

one complains, affects the conditions or the duration of his New Jersey confinement. To the extent conditions of custody are implicated, Mokone has stated a colorable § 1983 claim.

We note, however, that Mokone's claim that he was denied "minimum custody status" in New Jersey is not sufficiently specific to enable us to determine whether that denial has affected the conditions or the duration of his confinement. Dismissal under § 1983 is therefore appropriate because of his failure to plead with sufficient specificity. *Negrich v. Hohn,* 379 F.2d 213, 215 (3d Cir.1967); *accord Ross v. Meagen,* 638 F.2d 646, 650 (3d Cir.1981) (per curiam).

**13.** *See supra* note 3.

whether the time limits are tolled because a prisoner is unable to stand trial.[14] Second, all of the records, and most of the witnesses, necessary to resolving whether a violation of the IAD has occurred are in the indicting state. Finally, Article V(c) of the IAD provides that the courts of the state where the charge is outstanding are to dismiss the charge if trial is not had within the statutory period.[15]

As we read these provisions, only the courts of the indicting state can enter an order that would effectively void the criminal charge. Thus the New Jersey courts would be foreclosed from considering the merits of Mokone's alleged speedy trial violation. *See State v. West,* 79 N.J.Super. 379, 387, 191 A.2d 758, 762 (App.Div.1963) (IAD does not confer jurisdiction in custodial state to dismiss indictments in another state); *State ex rel. Garner v. Gray,* 59 Wis.2d 323, 208 N.W.2d 161 (1973) (determination whether speedy trial provision of IAD has been satisfied cannot be made by custodial state but must be made by state in which charges are pending); *see generally* Annot., 98 A.L.R.3d 160 (1980). Under these circumstances, it would be pointless to require Mokone to exhaust his New Jersey remedies. By contrast, New York's interest in requiring him to exhaust New York remedies is evident.[16]

We therefore hold that when a challenge is made to an out-of-state conviction on the basis of an alleged violation of the speedy trial provision of the IAD, the habeas corpus petitioner must, prior to the invocation of federal judicial relief, exhaust the remedies available in the courts of the state that issued the contested judgment of conviction.

## IV.

For the foregoing reasons, we will affirm the judgment of the district court.

---

**14.** N.J.Stat.Ann. § 2A:159A–6(a) (West 1971); N.Y.Crim.Proc.Law § 580.20 (McKinney 1971).

**15.** *See supra* note 5.

**16.** In our view, construction of the IAD is sufficient to dispose of the exhaustion question and we need not reach the question whether the extradition clause, U.S. Const. art. IV, § 2, cl. 2, compels the same result. Under that provision and its executing statute, 18 U.S.C. § 3182 (1976), a fugitive from criminal charges in one state must be returned by officials of an asylum state upon demand and demonstration that charges are pending. The courts of the asylum state are without authority to examine the merits of the charge in determining whether grounds for extradition exist; they may only determine that charges exist in the charging state. *See, e.g., Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978) (courts of asylum state may not review determination al courts have not had frequent occasion to address the scope of the extradition clause, the majority of state courts that have considered the question have held that the extradition clause applies to fugitives who have been convicted as well as those against whom charges are pending. *See, e.g., Taylor v. Foster,* 205 Ga. 36, 52 S.E.2d 314 (1949); *Tines v. Hudspeth,* 164 Kan. 471, 190 P.2d 867 (1948); *see also United States ex rel. Tyler v. Henderson,* 453 F.2d 790 (5th Cir.1971); *Walden v. Mosley,* 312 F.Supp. 855, 862 (N.D.Minn.1970). Thus, absent the IAD, New Jersey likely would be compelled in this case by the extradition clause and 18 U.S.C. § 3182 to honor New York's request for Mokone's extradition without examining the validity of the New York conviction. If that were the case, there would be no point in requiring exhaustion in New Jersey; only New York could examine the merits of the conviction, and only New York would have an interest in having Mokone exhaust his state of probable cause to arrest made by a magistrate in demanding state). Although the federal remedies before bringing a habeas corpus petition.