**George ROSQUIST, Plaintiff,**

v.

**JARRAT CONSTRUCTION CORP., et als., Defendants.**

Civ. A. No. 82–3703.

United States District Court,
D. New Jersey.

Sept. 6, 1983.

No appearance for defendants.

## OPINION

STERN, District Judge.

Plaintiff *pro se* George Rosquist moves pursuant to Rule 60(b), Fed.R.Civ.P., to vacate the Court's order of November 16, 1982 dismissing his complaint for want of subject matter jurisdiction. After having considered the matter pursuant to Rule 78, Fed.R.Civ.P., we have determined that the dismissal order is correct. Accordingly, the motion to vacate the judgment is denied.[1]

## FACTS

On November 4, 1982, plaintiff filed a 24-page complaint naming 22 defendants. In Count I, plaintiff alleges that defendants Jarrat Construction Corp., A.B.A. Realty Co., Abraham Tauber, Bernard Oster, and Regina Tauber (the "Jarrat defendants"), along with defendants Arthur D. Pajonk and Morris Pajonk, have taken his property and breached a written rental agreement between plaintiff and defendant A.B.A. Realty Co. by mishandling plaintiff's security deposit, unlawfully increasing his rent, wrongfully bringing eviction actions which resulted in his eviction, misrepresenting the amount of property taxes paid, failing to provide proper notices and failing to provide a habitable apartment. Plaintiff asserts that he has filed two state court actions about these events. The first action was allegedly filed in Bergen County District Court against A.B.A. Realty Co. for damages and specific performance of the lease agreement. Plaintiff states that he obtained a default judgment in this case, but that he was denied the right to execute on this judgment. The second action was allegedly filed in the Superior Court of New Jersey, Law Division, against the Jarrat defendants and the Pajonks, and alleged numerous violations of New Jersey statutory and common law. Plaintiff alleges that the default judgment in the first action was vacated, that the two suits were consolidated, and that, after a six-day trial, both were dismissed by defendant Judge Thomas L. Franklin. Plaintiff contends that defendants Charles E. Powers, George Catlett, Lawrence Weintraub and Robert J. Parsons, who are apparently the lawyers who represented the Jarrat defendants and the Pajonks in these actions, facilitated the wrongful actions of those defendants by unjustifiably delaying plaintiff's efforts to seek legal redress. Plaintiff contends that the New Jersey Superior Court judges who presided over the cases brought by him and the eviction actions brought against him denied him his constitutional rights by refusing to enforce the rental agreement, by making erroneous evidentiary rulings, by reaching improper legal conclusions, by denying the relief he requested, and, in general, by conducting "sham, kangaroo court[s] of repression, oppressive suppression and cover-up." Complaint, Count I, ¶¶ 15–16, 20–22. Plaintiff asserts that defendant Judge John W. Fritz of the Appellate Division of the New Jersey Superior Court and defendant Chief Justice Robert N. Wilentz of the New Jersey Supreme Court denied him his constitutional rights by denying him the right to copies at public expense of the transcripts of the trial on his suits, and by then dismissing his appeals for failure to prosecute. *Id.,* ¶ 23. Finally, plaintiff asserts that defendant Irwin Kimmelman, Attorney General of the State of New Jersey has deprived him of the equal protection of the laws by failing to prosecute

---

1. In its consideration of this motion, the Court has afforded plaintiff all of the benefits to which he is due as a *pro se* litigant. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

under the New Jersey Consumer Fraud Act and by failing to prevent the trial court from dismissing his claim under that act. Plaintiff seeks a declaration that the judgments entered in the suits brought by him are void, an order requiring the Bergen County District Court to certify and return the records in those actions and in the eviction actions brought against him, damages against the above-named defendants in the amount of $23,940, costs and interests of this suit and the state suits, and a declaration of a lien on the defendants' properties.

In Count II of the complaint, plaintiff alleges that the Jarrat defendants wrongfully held his security deposit, failed to rebate property taxes to plaintiff, collected excess rent, and unlawfully seized his property. Plaintiff contends that these unlawful actions were facilitated by the other defendants named above and seeks damages. In Count III, plaintiff contends that the Jarrat and the Pajonk defendants brought malicious evictions actions against him in retaliation for his exercise of his legal rights and in order to take his property. Plaintiff seeks damages for the time spent in court defending these actions. In Count IV, plaintiff contends that the Jarrat defendants and the Pajonks intentionally inflicted emotional distress on him by evicting him. He alleges that the other defendants named above facilitated this eviction. He seeks $2,000,000 in compensatory and punitive damages and a declaration that the judgments dismissing his suits are void. In Count V, plaintiff contends that the Bergen County Prosecutor, defendant Richard T. Carley, failed to act on criminal complaints filed by plaintiff. He also states that an investigation by the Advisory Committee on Professional Ethics is required to determine if disciplinary proceedings are warranted. Apparently, plaintiff is asserting that the alleged actions of Charles E. Powers, George Catlett, Lawrence Weintraub and Robert J. Parsons warrant this action. Plaintiff seeks an order requiring Carley to convene a grand jury on his complaints and an order requiring the Advisory Committee on Professional Ethics to institute an investigation and appropriate disciplinary proceedings.

Along with the complaint, plaintiff filed a petition seeking leave to proceed *in forma pauperis* and an order providing him at federal expense with the trial transcripts from the "Court below." On November 3, 1982, the Court granted plaintiff's application to proceed *in forma pauperis.* On November 16, 1982, the Court dismissed the complaint for want of subject matter jurisdiction, finding that the Court lacked the power to review collaterally the judgments of a state court, that the judicial officers named were immune from liability for their judicial acts, and that it had no power to order the Bergen County Prosecutor to convene a grand jury. Finding that no substantial federal question was presented and that diversity jurisdiction was lacking, the Court dismissed the action. After the Court denied plaintiff's motion for reconsideration of the dismissal, plaintiff appealed the judgment to the United States Court of Appeals for the Third Circuit. On July 25, 1983, the Court of Appeals dismissed the appeal, without prejudice to appellant's right to apply for relief to this Court under Rule 60(b), Fed.R.Civ.P. On August 12, 1983, plaintiff filed a motion pursuant to Rule 60(b) to vacate the judgment of dismissal.

## DISCUSSION

As shown above, the gravamen of the complaint is that plaintiff has been injured by the illegal actions of the Jarrat and Pajonk defendants, and that the lawyers and judges involved in his efforts to seek legal redress for these injuries have facilitated these illegalities and prevented him from obtaining such redress. Apparently conceding that diversity jurisdiction is lacking, plaintiff founds jurisdiction on the federal questions presented by his constitutional and civil rights claims.

■ The Fourteenth Amendment to the United States Constitution, as well as the other constitutional provisions on which plaintiff relies, apply only to actions which "may fairly be said to be that of the

states." *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). The same state action requirement applies to constitutional actions brought pursuant to 42 U.S.C. § 1983. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982). In determining whether a federal question is presented by the complaint, we must therefore examine the allegations against those defendants who "may be appropriately characterized as 'state actors.'" *Id., Lugar,* 457 U.S. at 939, 102 S.Ct. at 2755.[2]

▮ Six of the defendants are state judges, whose actions can clearly be attributed to the state. It is equally clear, however, that plaintiff's allegations with respect to these defendants do not set forth a claim over which we have jurisdiction. As indicated above, plaintiff alleges that he was denied various constitutional rights in the state proceedings presided over by the defendant judges as a result of their bias, their erroneous evidentiary rulings, and their improper interpretations of law. These allegations, along with plaintiff's requests that we declare the state court judgments void, that we issue writs of "certiori" [sic], and that we order transcripts from the "Court below", make it clear that plaintiff is seeking review in this Court of state court judgments.[3] In *District of Columbia Court of Appeals v. Feldman,* —— U.S. ——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court reaffirmed the venerable principle that a federal district court may not consider a claim that a state court acted unconstitutionally in its disposition of a particular case. The Court stated:

a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court. Therefore, to the extent that [plaintiffs] sought review in District Court of the District of Columbia Court of Appeals' denial of their petitions for waiver the District Court lacked subject matter jurisdiction over their complaints. [Plaintiffs] should have sought review in the District of Columbia Court of Appeals' judgments in this Court.

*Id.,* at ——, 103 S.Ct. at 1315. The Court specifically rejected the contention, advanced by the United States Court of Appeals for the Fifth Circuit and by plaintiff here, that a plaintiff may raise a constitutional challenge to a state court judgment in federal district court if he has not raised that challenge in the state courts. *Id.,* at —— n. 16, 103 S.Ct. at 1315 n. 16. Here, the proceedings of which plaintiff seeks review are judicial in nature. While *Feldman* does state that a party may raise a general challenge to a state law or procedures, *id.* at ——, 103 S.Ct. at 1315, it is evident that plaintiff challenges unconstitutional action in his particular case, not the constitutionality of the New Jersey statutes and procedures applied in his case. *See, e.g.,* Complaint, Count I, ¶ 22 (state judge "singled plaintiff out from the protection of the mandates of the laws and policies of the State of New Jersey"). We therefore lack subject matter jurisdiction over these claims. *See Connell v. Connell,* 571 F.Supp. 622 (E.D.Pa.1983). To the extent that plaintiff is asserting other claims against the state judges, he has failed to set them forth with the specificity required in this circuit

**2.** Plaintiff also asserts causes of action under 42 U.S.C. §§ 1981–82 and under 42 U.S.C. §§ 1985–86. While §§ 1981 and 1982 reach private conduct in the making and enforcement of contracts and the sale or rental of property, respectively, they are applicable only when there is an allegation of racial discrimination. *Runyon v. McCrary,* 427 U.S. 160, 168–75, 96 S.Ct. 2586, 2593–97, 49 L.Ed.2d 415 (1976). There is no such allegation here. Similarly, §§ 1985 and 1986 also prohibit purely private action, but are applicable only when there is an allegation of racial or class-based animus and only if a substantive violation of other civil

rights laws is shown. *Great American Savings & Loan v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979); *Griffen v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Neither of these requirements is met here.

**3.** The defendant state judges are, of course, immune from liability for damages for their actions in presiding over the suits involving plaintiff. *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978).

for civil rights complaints, even those filed *pro se.* *Mokone v. Fenton,* 710 F.2d 998, 1002 n. 12 (3d Cir.1983).

Plaintiff's claims against Irwin I. Kimmelman and Richard T. Carley fare no better. A private party lacks standing to compel the prosecution of another where, as here, there is no assertion that such a prosecution will produce a tangible benefit for the plaintiff. *Linda R.S. v. Richard D.,* 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Nader v. Saxbe,* 497 F.2d 676, 679–81 (D.C.Cir.1974). Moreover, "[t]he federal courts have customarily refused to order prosecution of particular individuals at the instance of private persons." *Id.,* at 679 n. 18. Thus, the contentions against these parties clearly do not state a cognizable federal claim.

The claims against the remaining defendants are state law breach of contract and tort claims which do not provide a basis for federal jurisdiction absent diversity of citizenship. There is an allegation that plaintiff was deprived of his property and removed from his apartment by state process, but it is clear that plaintiff is alleging that the applicable New Jersey laws and procedures were misused and abused by the landlord and his agents, not that these laws and procedures are in themselves contrary to federal law. *See supra* at 1210; Count I, ¶¶ 15–16. Thus, this allegation does not provide a basis for jurisdiction under the Constitution and civil rights laws. *Lugar,* 102 S.Ct. at 2757. The allegations that the defendant state judges, along with defendants Kimmelman and Carley, facilitated the unlawful action against the plaintiff are insufficient to show that there was joint activity between the private parties and the state or its agents since there is no contention that the private and state actors "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." *Chicarelli v. Plymouth Garden Apartments,* 551 F.Supp. 532, 539 (E.D.Pa.1982). Finally, the actions taken by private attorneys in representing their clients do not constitute state action.

*Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir.1980).

It is therefore apparent from the face of the complaint, prolix as it is, that no basis for federal jurisdiction has been alleged. Since the Court must dismiss an action whenever it discovers a lack of subject matter jurisdiction, the Court's order dismissing this action was proper. Accordingly, the motion to vacate the judgment of dismissal is denied.