803 F.2d 723
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUIS A. WILBON, Plaintiff-Appellant
v.
ROBERT BROWN; WILLIAM F. GRANT; DEL BACON AND DALE FOLTZ,
Defendants-Appellees.
 No. 86-1142.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 1
 BEFORE: MILBURN and BOGGS, Circuit Judges; and EDWARDS, Senior Circuit Judge
 
 ORDER
 
 2
 Plaintiff moves for counsel on appeal from the district court's order dismissing his prisoner's civil rights case. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff was a prisoner at the Michigan parole camp in Jackson, Michigan when he "walked away" from his confinement. He was subsequently arrested in California. The plaintiff's complaint alleges that the Michigan authorities were responsible for numerous delays in his extradition to Michigan to complete his sentence. He also alleges that the conditions of confinement during his transportation from California to Michigan were unconstitutional. He further alleges that he was wrongfully classified to the North Complex of the Michigan prison due to the pending escape prosecution although there was a violation of the 180-day rule set forth in the Interstate Agreement on Detainers (IAD). He requested money damages and injunctive relief.
 
 
 4
 The district court dismissed the case based on the doctrine of res judicata. Res judicata does apply to prisoner's civil rights cases. Allen v. McCurry, 449 U.S. 90, 105 (1980). However, Michigan law limits the application of res judicata to the parties involved in the prior lawsuit. Howell v. Vito's Trucking and Excavating Co., 386 Mich. 37, 46-51, 191 N.W.2d 313 (1971). Therefore, the doctrine of res judicata does apply in this case, but it only bars suit against the warden who was the respondent in the prior state court action upon which the district court relied.
 
 
 5
 Nevertheless, the district court's decision as to the director of corrections and the superintendent of the parole camp can be affirmed. These individuals are not the subject of specific allegations in the complaint. The general rule is that, absent a showing of personal involvement, a supervisor cannot be held liable for the acts of a subordinate. Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 580 (6th Cir. 1979). The district court's decision regarding these two defendants is therefore affirmed.
 
 
 6
 We are therefore left with defendant Bacon. Moreover, we note that in Berndt v. State of Tennessee, 796 F.2d 879, 882-83, (6th Cir. 1986), we held that where the dismissal of a pro se litigant's case is not on the merits and the allegations in the complaint indicate that there were individuals amenable to suit, the plaintiff should be allowed a chance to amend the complaint to add these other parties. On remand, the district court should therefore consider whether Berndt has an applicability to this case.
 
 
 7
 In regard to plaintiff's allegation based on the IAD, we direct the Court to consider, among other cases, Bush v. Muncy, 659 F.2d 402, 406 (4th Cir. 1981), cert. denied, 455 U.S. 910 (1982); and Mokone v. Fenton, 710 F.2d 998, 1002 (3d Cir. 1983). We do not, however, express any view as to the merits of plaintiff's claims.
 
 
 8
 Accordingly, the decision of the district court dismissing defendants Foltz, Brown and Grand is AFFIRMED and this case is otherwise VACATED and REMANDED for further proceedings.